REUEL WILLIAMS *versus* STEPHEN SPAULDING.

Where a plan of a tract of land is made, with intent to represent a survey actually made and marked upon the face of the earth, if there be a variance between the survey and the plan, the plan is controlled by the survey.

In such a case, conveyances made of lots according to the plan must yield to conveyances of lots according to the survey.

WRIT OF ENTRY. Trial before SHEPLEY C. J.

The full ink lines upon the accompanying diagram, are a transcript of Weston's plan made of the township in 1797. The dotted line and the letters A and B are put in by the reporter merely for illustration.

The demandant established title to lot No. 10, in first range according to Weston's plan. The tenant established title to lot

No. 8, in 2d range, according to Weston's *survey*. The land in controversy, is the triangular piece marked C, lying between the dotted line and the pond. There was evidence from which the jury inferred that Weston, when making the actual survey upon the earth, run a line from A to B, for the North line of No. 10, where the dotted line is, and marked it upon trees and by corners.

The Court instructed the jury, that although they might be satisfied that according to the actual survey, made by Samuel Weston in running the lines of said township upon the face of the earth, the demanded premises were a part of said lot No. 8, in the second range, yet as by the plan of said Weston, made subsequent to the survey, said premises were included in said lot No. 10, in the first range, that said plan would govern and control said survey, and if they were satisfied that said plan was the original one, made by Samuel Weston, they were bound upon the evidence, although they found the facts as testified to by tenant's witnesses, to return their verdict for demandant.

The jury accordingly returned their verdict for the demandant, and the defendant excepted.

WELLS J. — It is a well settled rule of our jurisprudence, that where a plan is made, intending to delineate a previous survey, and there proves to be a variance, between the survey and the plan, and a conveyance is made, containing a reference to the plan, the grantee will hold according to the survey. *Thomas* v. *Patten et al.* 13 Maine R. 329; *Esmond* v. *Tarbox*, 7 Greenl. 61; *Pike* v. *Dyke*, 2 Greenl. 213.

The survey is the original work, and when actually made, in the forests, marked trees designate the lines, corners and numbers of the lots. Each lot is clearly indicated, upon the face of the earth.

When the plan is intended to represent this work, but differs from it, the error is to be corrected by reference to the original to which the plan as a copy must yield.

A proprietor of a township may alter the form or size of his lots, after the survey is made; he can divide or unite lots, at

his pleasure, and cause the plan to be made intentionally different from the survey.

But when he makes a grant of a lot, the survey and plan of which are known to be variant, and he uses the word survey or plan, in the grant, he must be considered, in legal contemplation, as using those words, in their ordinary acceptation.

The demandant claims under a deed from David Green to the Union Bank, through intermediate conveyances, lot number ten, which is described, " as being numbered *on said plan* of said township, number four, taken in the month of April, 1797, by Samuel Weston, surveyor."

According to the *plan*, lot number ten would embrace the demanded premises.

The tenant claims, through intermediate conveyances, from the same grantor, but by a prior grant, to Benjamin Shepherd, lot number eight, among other lots, and the deed to Shepherd contains this language, " agreeable to Samuel Weston's *survey* of said township into lots, the same being more or less." According to the *survey*, as marked upon the face of the earth, lot number eight would embrace the demanded premises as appears by the diagram, annexed to the report of the case.

It is contended by the tenant, that the reference to the survey, in the deed from Green to Shepherd, is limited to the quantity of land, rather than to the lots themselves. But the ranges and lots are mentioned in the deed. The conclusion reciting the number of acres, would not extend or limit it; the lots would pass, including all the land, within their limits. The deed says, " the same being more or less." The language is express, in its reference " to the survey of said township into lots." It must therefore refer to the lots granted, as delineated by the survey, and not to the mere quantity of land. Whether there would be land enough to complete the number of acres, mentioned in the deed, without the demanded premises, does not appear, nor is such inquiry material, in giving a construction to the deed.

It may be that Green, who resided at a distance from the township, had no other knowledge of the lots, than what was

exhibited by the plan, and that the surveyor made the plan, changing the arrangement of some of the lots, according to his own judgment, without consulting the proprietor, who, ignorant of any difference between the survey and the plan, really intended to convey according to the plan. But the difference between the survey and plan is too broad, to be disregarded, and parties to conveyances must be held to intend what their language implies.

David Green, having conveyed the demanded premises to Shepherd, by the survey, before his deed to the Union Bank, which is the foundation of the demandant's title, the demandant cannot recover.

It results, therefore, that the construction, given to the deeds from David Green, by the presiding Judge, was erroneous, and the verdict must be set aside, and a new trial granted.

*W. L. Walker,* for demandant.

*A. & J. Waterhouse,* for tenant.