## MARSH vs. MITCHELL.

*Deed of Land : Rule for determining boundaries.*

Stakes or other monuments fixed upon land platted as a town, showing the location and boundaries of the lots, and according to which purchasers have bought and taken possession, must govern as against the plat in a controversy between such purchasers; especially where it does not appear that a lot, interpolated upon the plat, has ever been sold by the proprietors, or that any one has ever taken actual possession of any specific part of the land as and for that lot.

APPEAL from the Circuit Court for *Winnebago* County.

Ejectment, for lot 129, block A., of a certain town in said county. The defendant denied that he was in possession of the premises. The complaint was amended at the trial so as to describe the premises by metes and bounds. It appears from the evidence that the plaintiff's husband had purchased from the proprietors lot 129

of said block, the deed thereof making reference to the recorded plat; that he had taken possession of and fenced a lot which the stakes set upon the land by the proprietors indicated as lot 129; and that the plaintiff, *Mrs. Marsh*, had never been deprived of the possession of the land thus fenced; that defendant had purchased of the proprietors lot 130, and other lots, in the same block, and had taken possession of the lot immediately north of that fenced by Mr. Marsh, which was indicated as lot 130 by the stakes; that he had built a barn thereon, and continued to occupy and possess it. It further appeared, that there was a variance between the plat of said block and the actual survey and enumeration of the lots as indicated by the stakes; that the plat showed a lot numbered 163, while there was no lot of that number indicated by the stakes or included in the original survey; that, starting from the north-west corner of the block and surveying the several lots, including said lot 163, with their respective dimensions, as called for by the plat, the one occupied by defendant's barn would appear to be lot 129. Upon this evidence the court found the facts to be as alleged in the complaint, and rendered judgment for the plaintiff; and the defendant appealed.

*Orton & Mulberger*, for appellant.

*Gabe Bouck* and *L. P. Boyd*, for respondent.

DIXON, C. J. The defendant *Mitchell* testifies that when he purchased and took possession of lot 130, and when he built his barn on and fenced it, the original stakes set by the surveyors were standing. Those on the north-west and south-west corners of the lot were marked on the inside "130." He built his barn inside of the stakes, and three feet south of the north-west corner. *Mrs. Marsh*, the plaintiff, was in possession of the lot south of 130 at the time. The south side of the stake was marked "129," and that lot was south of defendant's

barn. Mr. Marsh (the husband of the plaintiff) and the defendant regulated the division fence between lots 129 and 130 according to these stakes, in the spring of 1859. In these statements the defendant is not contradicted by any witness. On the contrary, he is directly supported by the witness Young. With these facts in view the question arises, Which is the better evidence of the true location of lots 129 and 130, the stakes fixed by the surveyors as indicating the corners and boundaries, or the plat, confused and "demoralized," as counsel say, by the interpolation of lot 163 where lot 130 was actually surveyed and staked? It is a settled principle in the construction of conveyances, where any uncertainty arises as to the location, boundaries or extent of the land conveyed, that courses and distances must yield to monuments established on the land itself. The stakes fixed by the surveyors at the corners of the lots were such monuments. The interpolation of lot 163 upon the plat, without the same having been surveyed, staked or designated on the land itself, but the land being entirely occupied by the other lots, introduces the greatest uncertainty as to the description, and in my judgment authorizes the application of the rule that the stakes or monuments fixed on the land, showing the location and boundaries of the lots, and according to which purchasers have bought and taken possession, must govern. And especially do I think this should be the rule, where it does not appear that the supposed lot 163 has ever been sold by the pro prietors of the original plat, so that any one has ever taken actual possession of any specific part of the land as and for that lot. If any one is to suffer loss in consequence of that lot having been inserted in the plat without a survey and designation of it on the land, it is manifestly not purchasers who have bought, and with the assent of the proprietors taken possession of and improved, the lots according to the boundaries fixed by surveyors, but the proprietors themselves, who are

responsible for the error, and who would otherwise deprive the purchasers of a portion of the land to which, according to the plat, they would be entitled. The plat represents each lot as fifty-five feet wide, and so it is in fact by the stakes fixed by the surveyors. Insert lot 163, and the lots would then be less than fifty-three feet wide, or the defendant *Mitchell* would lose his lot altogether. It appears that both the plaintiff and defendant purchased and entered into possession according to the stakes indicating the boundaries and location of their lots. It also appears that they were put in possession, or at least that the defendant was, and the lots pointed out as shown by the stakes, by the proprietors themselves or some of them. I do not think, under these circumstances, that the defendant can be disturbed in his possession, or that the plaintiff has any serious cause to be apprehensive as to the safety of her title to the lot of which she originally took possession. I think, therefore, that the judgment should be reversed, and a new trial awarded.

*By the Court.*— It is so ordered.