# GEORGE W. REAMER v. THOMAS NESMITH et al.

STATEMENT OF PARTICULARS OF INSUFFICIENCY OF EVIDENCE ON MOTION FOR NEW TRIAL.—Where the statement on motion for new trial fails to state the particulars in which the evidence is claimed to be insufficient to sustain the verdict, the point will be disregarded on appeal.

EXTRINSIC EVIDENCE TO EXPLAIN CALLS OF DEED.—Extrinsic evidence is always admissible to explain the calls of a deed for the purposes of their application to the subject matter, and thus to give effect to the deed.

IDEM—APPLICATION OF.—The true location of the land in dispute having been ascertained, parol evidence is admissible to show the proper location of all the descriptive designations and calls of the deed, to the end of determining whether or not the land in dispute passed by it, and thus give effect to the true intent of the parties.

IDEM—In such case, all of said designations and calls will be found to apply to the land in dispute, or they will not; if they do apply, the lands have passed; but if some of them apply and others do not, and if those which do apply describe the land with sufficient certainty, still the lands have passed, for those which do not apply may be rejected as false.

IDEM—OF EXPRESSIONS IN DEED.—For a like purpose parol evidence is admissible to explain the meaning of particular expressions used in a deed, where they do not convey a definite meaning without such explanation.

IDEM—R. brought action against N. to recover a mining claim, situate on the side of Swindle Hill, in Jankee Jim's Mining District, being crossed near the lower line by the road leading from Yankee Jim's to Todd's Valley, which road runs along the side of the hill, with a front, as it is called, of four hundred feet, and running back to the summit or centre of the hill. N. deraigned title to the claim demanded under a deed from A. and B., the descriptive portion of which was: "All that certain piece of mining ground situated in Comer's field, on Swindle Hill, south of the road leading from Yankee Jim's to Todd's Valley, known as the Booth Claims, and marked by stakes at the corners, four hundred feet front, more or less, and running back into the hill." The proofs were, that the "Booth Claims" are situate both above and below said road, and extend to the centre or summit of the hill, and that Comer's field is below or south of the road. N. offered to prove that by the expression "running back into the hill," was meant, in the mining parlance of the vicinage, running to the centre or summit of the hill. The Court rejected the proof, and instructed the jury that no portion of the Booth Claims, lying above or north of the road, was included in the deed. Held, first, that the Court erred in rejecting the proffered proof and in giving said instruction; second, that, upon the proffered proof being made, the expressions, "in Comer's field" and "south of the road leading from Yankee Jim's to Todd's Valley," might properly be rejected as false calls, and the remaining calls of the deed held applicable to the ground in dispute, and sufficiently certain for the purposes of its description.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

This was an action by plaintiff, who claimed to be owner of and in the possession of certain mining claims, known as the Swindle Hill Claims, on Swindle Hill, near Yankee Jim's, to determine an adverse claim thereto by defendants. Defendant Nesmith alone answered, by disclaiming as to all of said claims, except a certain portion thereof particularly described as constituting the Booth Claims, to which he made claim of title, and pleaded the Statute of Limitations as against plaintiff's right of recovery.  On the trial defendant deraigned title from Andreas and Beittiman, from whom he produced in evidence a deed, and after its introduction offered to prove that by the terms "running into the hill" was meant, in the mining parlance of the vicinage, running to the centre or summit of the hill.  The evidence so offered was objected to by plaintiff as irrelevant, and incompetent as tending to vary and contradict the terms of the deed, which objections were sustained, and the defendant excepted.  The plaintiff had judgment in the Court below, and defendant Nesmith moved for a new trial, which was denied, and appealed from the judgment and the order denying a new trial.

The other facts are sufficiently stated in the opinion of the Court.

*Jo Hamilton*, for Appellant.

*Charles A. Tuttle*, for Respondent.

By the Court, SANDERSON, J. :

So far as the case of appellant rests upon the Statute of Limitations, we are unable to consider it, for the reason that the transcript fails to show when the action was commenced. This defect in the transcript was discovered at the argument, and counsel stipulated that the appellant might obtain the certificate of the Clerk below as to the date at which the action was commenced, and make the same a part of the transcript.

This, however, has not been done, and we are, therefore, unable to determine whether the case falls within the statute or not.

The point that the evidence fails to sustain the verdict, must also be disregarded, because the statement fails to specify the particulars in which the evidence is claimed to be insufficient. (Practice Act, Sec. 195.)

The case seems to have turned mainly upon the construction of the deed from Andreas and Beittiman to the defendant, the question being whether the ground in dispute is covered by the description in the deed.

The case shows that the land in dispute lies upon the side of Swindle Hill, in Yankee Jim's Mining District, Placer County, being crossed near its lower line by the road leading from Yankee Jim's to Todd's Valley, which road runs along the side of the hill, with a front, as it is called, of about four hundred feet, and running back to the summit or centre of the hill. The description given in the deed is as follows: "All that certain piece of mining ground situated in Comer's field, on Swindle Hill, south of the road leading from Yankee Jim's to Todd's Valley, known as the Booth Claims, and marked by stakes and corners, four hundred feet front, more or less, and running back into the hill." In view of this description, the Court below charged the jury, that no part of the ground lying above or north of the road was included in the deed. In this, we think, the Court was in error.

For the purpose of determining the question, it was competent to ascertain by extrinsic evidence the precise location of the land in dispute, and also the several calls or descriptions in the deed. For that purpose extrinsic parol evidence is always admissible, for in no other way can effect be given to the deed by applying it to the subject matter. Parol evidence was, therefore, admissible—the true location of the ground in dispute having been agreed upon, or otherwise ascertained—to show the true location of all the descriptive designations and calls named in the deed. This being done, it will be found that all of the descriptive terms found in the

deed apply to the land in dispute, or that they do not; if the latter, the land has not passed by the deed; but if some of them apply to the land, and the others do not, then, if those which do apply describe the land with sufficient certainty, the land has passed, for those which do not apply may be rejected as false. This must be done in order to give effect to the intent of the parties; and as ancillary to this, it is also competent to explain by parol testimony the meaning of expressions used in the deed for the purpose of describing the land which do not convey a definite meaning without such explanation. (Starkie on Evidence, with notes by Sharswood, 612.) It was, therefore, competent for the defendant to show by parol testimony the precise location of Comer's field, the road from Yankee Jim's to Todd's Valley, the ground known as the "Booth Claims," and what is the full meaning of the expression "running back into the hill." This having been done, if it appeared that some of these descriptions applied to the land in dispute, and others did not, the Court was bound to reject the latter and look only to the former, and if they describe the land with sufficient certainty, to hold that it passed by the deed. (*Reed* v. *Spicer*, 27 Cal. 57; *Mulford* v. *Le Franc*, 26 Cal. 88.)

The testimony shows that the road from Yankee Jim's to Todd's Valley crosses the land in dispute near its lower line, that Comer's field is below or south of the road, that the ground known as the "Booth Claims" lies both below and above the road, and extends to the centre or summit of the hill; but what is the precise meaning of the phrase "running back into the hill," when used as descriptive of a mining claim, does not appear from the testimony. That phrase may or may not have conveyed a clear and definite idea to the Court below. If not, it was competent for the Court to hear parol testimony for the purpose of explaining its meaning. It is not an expression in common use in deeds for the purpose of describing land; but it may be in use among miners for the purpose of describing their mining claims, and may have, among them, a certain and definite

meaning. If so, that meaning should have been ascertained and full force given to it by the Court in construing the deed. The same expression is used in the pleadings, and seems to be there used for the purpose of describing the claim as running back to the centre of the hill, or to the summit of the hill. The expression, in connection with the custom of miners, in locating and describing hill claims, may have that meaning; and if so, that meaning should be given to it in the construction of the deed. On its face the expression, to one entirely unacquainted with the mining business and the mode of locating and working mining claims, might be unintelligible and yet be capable of having a meaning annexed to it by extrinsic evidence. If so, the extrinsic evidence should be received. It may have a definite and certain meaning among miners, like mercantile terms among merchants, which are not intelligible to others. Mercantile terms, abbreviations, words of a foreign language, technical and scientific terms, not generally understood, may be explained by parol evidence, if otherwise unintelligible to the Court. So, if the terms or expressions are peculiar to a particular business or calling. They do not fall within the general rule that patent ambiguities cannot be explained by parol. (Starkie on Evidence, 591.)

If a custom exists among miners, in locating tunnel or hill claims, of establishing a front line from which they run back to a perpendicular plane dropped from the centre line of the summit, such custom might explain the meaning of the phrase, " running back into the hill." Thus parol evidence was admitted to show that by the custom of the country the word " thousand," when applied in a lease to rabbits, meant 1,200. (*Smith* v. *Wilson*, 3 B. & Adol. 728.)

By a charter a vessel with a cargo of coals to Algiers was to be unloaded at a certain rate per day, and if detained longer the charterer was to pay so much per day from the time of the vessel being ready to unload and "*in turn to deliver.*" Evidence to show that, in the port of Algiers, those words had acquired a particular meaning, was held

admissible. (*Robertson* v. *Jackson*, 2 C. B. 412.) So, to show what is the meaning, in a bill of lading, of a delivery "*in London.*" (*Bourne* v. *Gatliffe*, 3 M. & G. 643.) In *Lilly* v. *Ewer*, Dougl. 72, evidence of merchants was admitted upon the question whether "*sailing with convoy*" meant for the whole voyage or not.

We think those cases are upon all fours with the present, and that the defendant should be allowed to show, if he can, by extrinsic evidence, that the words "running back into the hill," in miners' parlance, mean running back to the centre or summit of the hill.

So far as the case now shows, "Comer's field" and "south of the road from Yankee Jim's to Todd's Valley," are, in part at least, false calls; if so, they must be, so far, disregarded. But the remaining calls may be sufficient, when consulted in the manner already suggested. We are unable to perceive, so far as the case now shows, why the remainder of the description, "said claim is known as Booth's Claim, marked by stakes and corners, four hundred feet front, more or less, and running back into the hill," is not applicable to the ground in dispute and sufficiently certain for all the purposes of description.

Judgment and order reversed, and new trial granted.