29  49
44  286

---

AMANDA TURNBULL *vs.* HERMAN SCHROEDER.

January 5, 1882.

**Town Plats—Size of Lots—Stakes and Monuments Control.**—If a deed of a town lot refer for a description to a recorded plat, which purports to be a delineation of a particular survey, the stakes and monuments set at the corners of the lots in making such survey are controlling monuments for locating the lot on the ground, where there is a shortage in the block, so that the measurements of the lots, as given on the plat, cannot be satisfied; and where such monuments have disappeared, it is competent to show by witnesses the points at which they were set.

Appeal by defendant from an order of the district court for Ramsey county, *Wilkin,* J., presiding, refusing a new trial.

*Smith & Egan,* for appellant, cited, *Bell* v. *Morse,* 6 N. H. 205; *Allen* v. *Kingsbury,* 16 Pick. 235; *Milling* v. *Crankfield,* 1 McCord, 258; *Pitts* v. *Brown,* 49 Vt. 86; *Glover* v. *Shields,* 32 Barb. 374.

*H. J. Horn,* for respondent.

CLARK, J. This is an action of ejectment. The plaintiff is the owner of lot 5, in block 1, of Irvine's addition to St. Paul, as designated on the recorded plat thereof. The defendant is the owner of lots 8 and 9 in the same block. The following diagram represents the block, and the size and position of the lots in it, as shown by the plat:

v.29—4

The matter in controversy is the proper location of the line between lots 5 and 8. The defendant is in possession to the line found by measuring the width of lots 8 and 9, as marked on the plat, from the easterly line of the block, (which is an old, well-established claim-line, and the easterly line of the addition,) claiming that the line so found is the proper westerly line of lot 8. The plaintiff claims that such line cuts off a portion of the rear of lot 5, 13.73 feet on the northerly line, by 12.61 feet on the southerly line thereof; and her claim is founded upon the line between lots 5 and 8, as actually surveyed and staked out on the ground. The land embraced within the addition was originally owned by John R. Irvine, who, in May, 1857, caused it to be surveyed and platted as an addition to St. Paul, and the plat to be recorded in the office of the register of deeds. Such plat had a certificate of the surveyor thereon as follows: "I certify that the annexed diagram and description are correct, and as surveyed by me. *St. Paul, M. T., May 25, 1857.* GEO. H. BELDEN, Surveyor."

On the trial, evidence was given in behalf of the plaintiff, tending to show that in this survey the location of the lines was marked on

the ground by oak stakes driven at the corners of the lots so as to project about two inches above the surface of the ground, and tending to show the points where those stakes were set; frequent surveys made while the stakes were standing having preserved the knowledge of their locality. It was also proved that there was not land enough in block 1 to fulfil the measurements as given on the plat; that the width of lots 8 and 9, measured from the easterly line of the block to the westerly line of lot 8, as the same was so actually staked out on the ground, was on Iglehart street 79 feet instead of 89.2, as marked on the plat, and at the rear of said lots, 66.52 feet instead of 81.2, as stated on the plat; and that the depth of lots 2, 3, 4, 5, 6, and 7, from Rice street to this line as so actually staked out, was 118.67 instead of 120 feet.

Lot 8 was conveyed by Mr. Irvine, in July, 1858, to one Fowler, from whom the defendant derives title; the deed of conveyance describing it as lot 8, in block 1, as designated in the plan or plat on record in the office of the register of deeds for Ramsey county. Mr. Irvine conveyed lot 5 to a party through whom the plaintiff derives title, in July, 1862, by a similar description. The question is whether, in locating the westerly line of lot 8, the distances in the recorded plat shall prevail, or the stakes set in the ground in making the survey referred to on the plat. The court charged the jury that if, in making this survey, the lots were staked out on the ground, the stakes must control without reference to the distances marked upon the plat; that the stakes are to be regarded as controlling monuments; and, if they were afterwards removed, the point where they were placed may be shown, and is to govern,—to which instruction the defendant excepted.

The authorities are many, and, so far as we can discover, unanimous, in support of the rule given to the jury by the learned judge of the court below. *Penry* v. *Richards*, 52 Cal. 496; *Fleischfresser* v. *Schmidt*, 41 Wis. 223; *Marsh* v. *Mitchell*, 25 Wis. 706; *Hiner* v. *People*, 34 Ill. 297; *Twogood* v. *Hoyt*, 42 Mich. 609; *Pike* v. *Dyke*, 2 Me. 213; *Brown* v. *Gay*, 3 Me. 126; *Williams* v. *Spaulding*, 29 Me. 112; *Jackson* v. *Cole*, 16 John. 256; *Jackson* v. *Freer*, 17 John. 29. The course of reasoning upon which these cases proceed is briefly as

follows: "It is a settled principle in the construction of conveyances, where any uncertainty arises as to the location, boundaries, or extent of the land conveyed, that courses and distances must yield to monuments established on the land itself;" (*Marsh* v. *Mitchell, supra;*) and where the land has been platted into lots and blocks in pursuance of an actual survey, and the plat purports to show the location of the lots according to such survey, the actual survey on the land, so far as relates to the size and locality of the lots, is the principal thing, and the plat simply a delineation of it on paper; and if, in making such survey, stakes are fixed at the corners of the lots, they become monuments, which, if incorporated into the description in a deed, would control courses and distances; and the grant of a lot, according to a plat so purporting to be a delineation of a survey, includes a reference to the monuments fixed in making the survey. To apply the reasoning more closely to this case, the words "as surveyed by me," in the surveyor's certificate, include a reference to the monuments fixed by him in making the survey. While this course of reasoning may possibly carry the application of a familiar principle of the construction of deeds to its extreme limit, we are of opinion that, at least where, as in this case, there is a shortage in the block, so that the measurements of the lots as given on the plat cannot be satisfied, the principle is applicable, and that the monuments set at the corners of the lots should in such case control; and where such monuments have disappeared, it is competent to show by witnesses the points at which they were set. We are of opinion, therefore, that the instructions given to the jury were correct, and it follows that the rulings with respect to the admission and rejection of testimony were also correct.

Order affirmed.