LIZZIE ANDREU ET AL., APPELLANTS, VS. MILDRED WATKINS, APPELLEE.

1. When there is no ambiguity in the description of land in a deed of conveyance, parol testimony is inadmissible to vary or qualify the description.

2. When a deed conveys to W. "a strip of land, being the east end or portion of a certain lot deeded" to the grantor "by Abbott by deed" of a specified date, and recorded in a designated book, stating the page, "the west half having been sold to D. B., the piece now intended to be conveyed by this deed measures as follows: beginning at the southeast corner of said lot, which is now the dividing line between this lot and the lot of" the grantee, "thence northerly forty-seven feet to the northeast corner of said lot," thence west, and thence south, and thence "eastwardly along Mulberry street to the place of beginning," giving the length of the lines; the meaning of the deed to W. is that the true east line of the "lot" conveyed to her by grantor is the east line of the "strip" intended to be conveyed to W., and parol evidence is inadmissible to show that a fence (not mentioned in the deed,) west of such line, which fence had under a mistake been recognized by the grantor and W. as the true line for a period less than that required by the statute to bar a recovery by the grantor of her land lying east of the fence, was intended by the deed as the eastern boundary of the strip conveyed.

3. Where a deed states that the land conveyed is bounded on the west by a specified street, according to a map referred to, the meaning of the deed is that wherever the eastern line of the street as it was laid out, or actually surveyed is, there also is the western boundary of the land conveyed.

4. In description of lands, monuments control distances where there is an inconsistency between the two as given in a deed of conveyance.

5. What the boundaries of land as actually given by a deed are, is a matter of law to be ascertained from the meaning of the deed; where they are, is a question of fact, and to show this or apply the description to its subject-matter, parol testimony is admissible.

6. A deed which fails to describe a part of the land intended to be conveyed, does not convey the land thus omitted, and no re-

covery of the part so omitted from the description can be had under the deed.

7. Where one deed refers to another, or to a map or plan of a survey, for a description, the deed, map or plan referred to becomes as much a part of the instrument making the reference as if actually copied into it.

Appeal from the Circuit Court for St. Johns county.

## STATEMENT.

Appellee recovered judgment in an action of ejectment brought against appellants, (husband and wife,) for a piece of land in the City of St. Augustine and described in the declaration as follows : A strip of land being the east end or portion of a certain lot conveyed by Lizzie Andreu and Michael Andreu, her husband, to Mildred Watkins by deed dated April 5, 1884, recorded in Book CC, on page 435, etc., of the public records of St. Johns county, commencing at the southwest corner of the said lot on the north side of Mulberry street, being twenty feet west of the place where the old line of fence stood, which, up to the time of the said conveyance, marked the dividing line between the land of said Mildred Watkins and said Lizzie Andreu, thence northerly forty-seven feet, thence east five feet, thence southerly parallel to the first line forty-seven feet to Mulberry street, thence west along Mulberry street, to the place of beginning, and containing two hundred and thirty-five square feet. The plea was the general issue.

To maintain her action the plaintiff introduced in evidence the following instruments :

A deed from Lucy B. Abbott, dated May 17th, 1883, conveying to plaintiff all that certain lot of land in the City of St. Augustine, described as follows : Beginning at the intersection of Mulberry and Water streets from the point northerly along said Water street one hundred and fifty-

eight feet, thence south forty-seven feet to Mulberry street, thence eastwardly along north side of Mulberry street one hundred and fifty-eight feet to beginning corner, and is bounded on north side by land of said Lucy B. Abbott, south by Mulberry street, east by Water street, and west by lot of Andreu, and is in that part of the City of St. Augustine known as the North City, and conveyed to said Lucy B. Abbott by I. W. Starke, on the 28th day of August, 1872, and recorded in Book I, page 565 ; "also reference to map on file in County Clerk's office of the Mary Ann Davis tract, to which reference may be had."

A deed dated April 5th, 1884, from Mrs. Andreu and her husband conveying to the plaintiff "a strip of land being the east end or portion of a certain lot deeded to party of first part by Lucy B. Abbott, by deed dated June 23d, A. D. 1882, recorded in Book AAA, page 123, the west half having been sold to Dora Benet, the piece now intended to be conveyed by this deed measures as follows : Beginning at the southeast corner of said lot which is now the dividing line between this lot and the lot of Mildred Watkins, thence northerly forty-seven feet to the northeast corner of said lot, thence west twenty feet, thence south and parallel with the east side forty-seven feet to Mulberry street, thence eastwardly along Mulberry street twenty feet to the place of beginning, the front and rear being twenty feet east end and the east and west sides forty-seven feet deep." Then follows a diagram thus :

| ORANGE STREET. | BENET. | ANDREU. | 20 SOLD. 47 20 | WATKINS. |
|---|---|---|---|---|

MULBERRY STREET.

Miss Watkins, the plaintiff, testified : That the dividing line between herself and the Andreus was at the time of their conveyance to her, marked by a fence ; Andreu's lot was enclosed by a fence on the east; that this fence was understood between them as dividing their lots ; that she had not received possession of the twenty feet conveyed to her by the Andreus ; that they had given her only fifteen feet and one inch ; that the fence was moved after their conveyance to her ; that Andreu said he had only given witness this quantity ; that the fence is now on the same line where Andreu moved it, fifteen feet and one inch from where it stood, so far as witness knows. It was moved several months after she bought ; that they agreed to let the fence remain for a while, as she had a crop on the land. She could not swear that anyone measured the distance between where the fence now stands, and the line where it used to stand. It was one hundred and fifty-eight feet from the line of Water street to where the line of Andreu's fence stood ; that Andreu was at the time of the deed from Miss Abbott to witness, in possession of his lot and his fence was there—the fence that was understood to make the east line of this lot.

On cross-examination she testified that she had put up a fence on the east side of her lot on the line of Water street but had never fenced it on Mulberry street.

James L. Colee, a witness in behalf of plaintiff, testified that some six weeks ago he measured the Watkins lot and the adjacent lots as they stand, and made a plat "showing the lots as they now stand, and as they stood several years ago." The red lines show the lots as they stood at the time Miss Watkins and Mr. Benet bought ; the black lines as they now are and shown by the fences. The present fence stands fifteen feet and six inches from where the old

fence stood. The present fence is now one hundred and seventy-three feet and six inches from Water street. In making my survey I began at the southeast corner of Miss Watkins' lot. The plat was introduced but is not necessary to an understanding of the case.

On cross-examination he said that he began his survey at the southwest corner of Water and Mulberry streets, and measured along Mulberry street one hundred and fifty-eight feet, and drove a stake; did not measure from Orange street; that he accepted as the east line of Miss Watkins' lot, her fence built on the line of Water street; that he "went" according to her deed; cannot say when she bought; that he did not have any data as to where the fence then stood; took Mrs. Benet's statement and that of Mrs. Andreu as to where the old fence stood.

Upon re-direct examination he said that Mrs. Andreu could not show him where the old fence stood; they said their fence on Orange street was moved back five feet, and that it was done to straighten the street, and that they intended to have the same amount of land they bought from Miss Abbott. Could not say if Andreu said the fence was moved in from Orange street before or after the sale by him to Miss Watkins.

The testimony in behalf of the defendant is as follows:

A deed from Miss Lucy B. Abbott, dated June 23d, 1882, recorded in Book AAA, page 123, of St. Johns county records, and conveying to Mrs. Andreu "all that certain piece or parcel of land in the North City, lying and being in the City of St. Augustine, * * described as follows: Bounded on the north by lands of the party of the first part, on the south by Mulberry street, on the west by Orange street, and on the east by the lands of the party of the first part, and measuring on the north and south sides

one hundred and fifty feet, and on the east and west ends forty-seven feet, as by reference to the map of the North City of the Mary Ann Davis tract filed in the office of the Clerk of the Circuit Court of St. Johns county, Florida, May 14th, 1877, and is part of the same land that was conveyed to party of the first part by John W. Starke, by deed dated August 28th, 1872, recorded in Book T, page 505. The map mentioned in this deed was also introduced in evidence.

Miss Lucy B. Abbott testified that she was grantor in the deeds to Miss Watkins and Mrs. Andreu; that she had owned the property since 1873. VanNess and witness owned the whole Mary Ann Davis tract; that upon a survey made of that part of the tract covered by the property in controversy a few years since, she was present, and the old stake set on the line of Water street was found; that Miss Watkins' fence on the east end of her lot is on the line of Water street as plotted and as found by said survey; that the distance by the original survey of the tract from Water street to Orange street is three hundred feet; that at the time Andreu built his fence, witness could not get a surveyor to locate the lines of his lot and he built his fence five feet into Orange street.

William Mickler deposed that he knew the location of the streets in North City, and the location of the land in litigation. That he had lately made a survey and measurements of the blocks lying between Water and Orange streets, and found the distance between these streets measured along Mulberry street to be 302 feet; that Orange and Water streets are each thirty feet wide at Mulberry street; and Miss Watkins' fence on Water street is on a line with the other fences on that street. That he did not measure the lots but only the blocks. That the fence of the Benet

lot on Orange street is on a line with the other fences on that side of the street. If the fence on west end of Benet's lot was moved five feet to the west, it would reduce the width of Orange street to twenty-five feet.

The other facts are stated in the opinion.

*Rude & Dewhurst* for Appellants.

*Fleming & Daniel* for Appellee.

"It is most obvious that the original and best evidence of what lands the parties to the deed *intended* to pass is that land which was viewed out and actually *run* and *marked* at the time the trade was consummated. This is the land appropriated."

Malone on Real Property Trials, 228.

So, too, it is proper to show that this fence was recognized as the division line between the parties at the time of the conveyance to show what was intended to be conveyed where the starting point commences at the division line.

"Extrinsic evidence is always admissible to explain the calls of a deed, for the purpose of their application to the subject-matter and thus give effect to the deed."

Malone R. P. Trials, 233.
Reamer vs. Nesmith, 34 Cal., 624.
Hedge vs. Sims, 29 Ind., 574.
Closemont vs. Carleton, 2 N. H., 373.
Blake vs. Doherty, 5 Wheat., 359.
Waterman vs. Johnson, 13 Pick., 261.
Owen vs. Bartholomew, 9 Pick., 520.
Turnbull vs. Schrœder, 29 Minn., 49.

"Evidence of the possession of settlers on adjacent tracts in reference to a *division* line, attempted to be shown as rec-

ognized by one of the parties to the suit was held admissible."

Malone R. P. Trials, 333.

Rockwell vs. Adams, 6 Wend., 467.

A clear *prima facie* case was made by the plaintiff when she rested her testimony, to-wit : that at least four feet six inches on Mulberry street by forty-seven feet deep of the land conveyed to her by the defendants was by them withheld from her, and we cannot see how this *prima facie* case is disturbed or weakened by the evidence of the defendants.

Miss Abbott testifies that from Water street to Orange street is 300 feet and that Andreu built his fence five feet into Orange street.

Mickler, a surveyor, says that he made a survey of the block and found the distance between said streets 302 feet, and gives the width of several streets. How that testimony militates against the plaintiff's case, we fail to appreciate.

But even if there was a conflict of evidence, the jury considered it and found for the plaintiff, which verdict this Court could not disturb, on the evidence, without, in our opinion, a violation of the uniform line of decisions running through its Reports; that is, that if there is evidence to sustain a verdict it will not be disturbed, unless the weight of evidence is so clearly against the verdict as to warrant the conclusion that the jury were actuated by improper motives.

"Boundary is a question of fact, or at least of law and fact, and is decided by the jury and not the Court, and questions of boundary, like other questions of fact, depend upon their own particular circumstances, when every shade of evidence and even the most minute circumstances, may produce its effect.

Malone, 240.

This disposes of the first and second grounds of error.

We shall now consider the charges of the Court, as to which error is assigned.

The second charge given at plaintiff's request is objected to, which is as follows : "Where a person has sold land upon a certain line pointing it out at the time and induced another to buy it, he is estopped to deny that it is the line so pointed out, as against the party to whom he sells." In support of this charge we cite :

Malone R. P. Trials, 242, Note.

41 N. H., 380.

51 Me., 575.

Wilson vs. Hudson, 8 Yer., 398.

Boyd vs. Graves, 4 Wheat., 513.

The third charge given at plaintiff's request assigned as error, is as follows : "Courses and distances will give wa to a line actually marked on the ground where there is a difference." To sustain which we cite the following authorities :

Malone R. P. Trials, 210-237.

It will be seen that lines actually run and corners actually marked at the time of the grant are placed second in importance, while courses and distances are placed fourth. While it does not appear that the line was run at the time of the conveyance, yet the plaintiff testified that *at that time* the dividing line was *marked* by a fence.

Qualified as is this charge and the other charges given at the instance of the plaintiff by those given at the request of defendants, it is not possible that the jury could have been misled; every phase of the case on the part of the defendants was thoroughly guarded by such charges. In this connection we ask particular attention to charges given

at defendant's request, numbered 4, 5, 6, 8 and 9, guarding any departure from the description in the deed.

The fourth charge given at the request of the plaintiff assigned as error, is as follows :

"If you find from the evidence that the dividing line referred to in the deed from the defendants to the plaintiff was marked by a fence and it was so understood by the parties at that time, the plaintiff is entitled to the full amount of land called for by her deed, measured from such line. And if you find that the defendants withhold from the plaintiff any part of the land so conveyed, you should find a verdict for the plaintiff for such part so withheld."

We fail to see what possible objection there can be to this charge. It substantially tells the jury that if any part of the land conveyed to the plaintiff by the defendants is withheld from her by them, she is entitled to a verdict for the part so withheld.

The seventh ground of error is, that the Court erred in refusing to charge the jury at defendants' request as follows : "A plan to which reference is made in a conveyance becomes a part thereof and has the same effect as if its details of courses, distances and monuments were incorporated in the instrument."

This charge sought goes beyond the authority of law. We admit that a plan referred to in a deed has a bearing on the description and is entitled to be given due effect in ascertaining the proper description of the land, but it does not become a part of the deed of conveyance.

Though the lower Court may have committed error in giving or refusing charges, yet, where, as in this case, upon the evidence, the jury could not have found any other verdict than that rendered, the Appellate Court will not reverse the judgment, as repeatedly ruled by this Court.

"When the verdict of a jury accords with the law and the facts of the case, a judgment will not be reversed on account of an erroneous charge to the jury, or a refusal to give instructions which may be appropriate, especially when a correct charge should produce the same result upon the facts.

May's Ex. vs. Seymour, 17 Fla., 725.

Even if it be shown that there has been a mistake in the directions of the Court to the jury, or the charge not as specific as thought proper, yet if it be upon a point upon which justice has been done, or the mistake or omission could not have produced a different verdict, a new trial will not be granted."

May & Sloan vs. Gamble, 14 Fla.,467.

RANEY, C. J.  It is certain that the land intended to be conveyed by Miss Abbott to Mrs. Andreu by the deed of June 23d, 1882, was bounded on the west by Orange street; or, in other words, that the eastern line of Orange street, as that street was actually located by the survey which the map of the North City of St. Augustine, filed in the office of the Clerk of the Circuit Court of St. Johns county on the 14th day of May, 1877, was intended to represent, was made the western boundary, and the land conveyed was that extending east from Orange street one hundred and fifty feet, and north from Mulberry street forty-seven feet, the land north and east being at the time of the convey-ance the property of the grantor.  The meaning and effect of this deed was that wherever the eastern line of Orange street, as it was laid out, was, there also was the western boundary of the land conveyed, and wherever the northern line of Mulberry street was, there was the southern bound-

ary of the grant, and that the eastern boundary line was one hundred and fifty feet east of former. street, and the northern line forty-seven feet north of the latter street. These are the boundaries which, as a matter of law, are given by the deed. Abbott vs. Abbott, 51 Maine, 575, 581. To apply this description, or identify the line described, or in other words, locate the boundaries, it is necessary to find the described lines of the two streets, as they were actually laid out, and measure the distances given in the deed. Where the boundaries of land described in any deed really are, is always a question of fact; and parol testimony is admissible to show where they are, or apply the description to its subject-matter. Abbott vs. Abbott, *supra;* Reamer vs. Nesmith, 34 Cal., 624; Turnbull vs. Schroeder, 29 Minn., 49.

The deed from Miss Abbott to Miss Watkins, the plaintiff, was executed about eleven months after the above conveyance, and makes the intersection of Mulberry and Water streets on the north side of the former street the southeast and initial point of the description of the ground, and the former street the southern boundary, the latter street for the distance of forty-seven feet the eastern boundary, and a line parallel with and forty-seven feet north of Mulberry street the northern boundary, and one parallel with Water street the western boundary. It is true that it gives the distance along Mulberry street, and the length of the northern parallel line as one hundred and fifty-eight feet, but it also says that the land granted is bounded on the west by the "lot of Andreu," (Flagg vs. Thurston, 13 Pick., 145), and it makes reference to the same map to which the deed to Andreu refers.

The proof is that only one map answering the designation of the two deeds is on file in the Clerk's office in St. Johns county; and it should be remarked of the map that

the block of land out of which the above conveyances were made is not subdivided into lots, but is, according to the map, one solid piece measuring 300 feet east and west, by 340 feet north and south, and bounded, east, nouth and west by the streets mentioned above, and north by Locust street.

These are the conveyances from the common grantor, existing at the time of execution of the deed of April 5th, 1884, from Mrs. Andreu and her husband to Miss Watkins, upon which deed the latter relies for a recovery of the land sued for. The question, of which a correct answer, when made, will afford a solution of this controversy, is: What land does this deed convey? By its terms it conveys "a strip of land being the east end or portion of a certain lot deeded to party of the first part by Lucy B. Abbott, by deed dated June 23d, A. D. 1882," (stating, as *supra*, the book and page in and upon which it is recorded, and showing it to be the deed to Mrs. Andreu), "the west half having been sold to Dora Benet. The piece now intended to be conveyed by this deed measures as follows: Beginning at the south-east corner of said lot, which is now the dividing line between this lot and the lot of Mildred Watkins, thence northerly forty-seven feet to the north-east corner of said lot, thence west twenty feet, thence south and parallel with the east side forty-seven feet to Mulberry street, thence eastwardly along Mulberry street twenty feet to the place of beginning."

There is no ambiguity in this description. Its purpose is to convey the east end of the lot conveyed by Miss Abbott to Mrs. Andreu, and it makes the south-east and north-east corners of the land so conveyed, the north-and-south-east corners of the piece intended to be conveyed by this deed to Miss Watkins. The eastern boundary of the lot

conveyed to Mrs. Andreu is made the eastern boundary of the piece intended to be conveyed by her and her husband to Miss Watkins, and no other piece of land than one whose eastern boundary is located one hundred and fifty feet east of the eastern line of Orange street will answer the calls of this deed. No other eastern boundary will effectuate a conveyance of the eastern end of the lot. This deed in giving the measurement as "beginning at the south-east corner" of the lot conveyed to Mrs. Andreu, and stating that such corner "is now the dividing line between" such lot and the lot of Miss Watkins, and following with the words, "thence northerly forty-seven feet to the north-east corner of said lot," means that the south-east corner on Mulberry street, one hundred and fifty feet east of Orange street, was the commencement of the dividing line between the Andreu and the Watkins lot, and that the line run northerly to the north-east corner, was the dividing line, and that this line should be the eastern boundary of the piece of land conveyed. The intention of the parties, as shown by this deed, was that it should convey the east end piece of the lot, the same to measure forty-seven feet north and south, by twenty feet east and west, and be bounded on the south by Mulberry street, and having its south-east corner one hundred and fifty feet east of Orange street, and to locate the boundaries of the land it is necessary to find the eastern boundary of Orange street as it had been located by the survey represented by said map, and from these locate the initial point of description one hundred and fifty feet east, on the north side of Mulberry street, and trace the boundaries according to the directions and distances given in the deed.

There can be no doubt, from the testimony in this case, that the eastern boundary of Orange street was, at the time

Miss Abbott conveyed to Mrs. Andreu, and when Andreu built the fences, at least five feet east of where he put the western fence, and the only conclusion that can be drawn, particularly in view of Miss Abbott's testimony, is that he located it where he did, through a mistake as to where the eastern line of the street was, and this mistake naturally resulted in and accounts for his putting the eastern fence five feet west of where, by the calls of his deed, it should have been. Admitting, as a matter of fact, that both the Andreus and Miss Watkins, when the deed from the former to the latter was made, understood the eastern fence to be on the eastern line of the lot conveyed to Mrs. Andreu by Miss Abbott, this misunderstanding cannot change the meaning and effect of the deed to Miss Watkins, which deed shows that it was the intent to convey the eastern twenty feet off the land actually conveyed to Mrs. Andreu by the deed of June 23d, 1882. Whether or not the western fence had been moved in before the conveyance to Miss Watkins, is not so certain. According to this deed Mrs. Andreu owned at least five feet east of her fence, and the record of her deed was constructive notice to Miss Watkins, even if Miss Watkins' deed from the common grantor did not put her on notice by its reference to Mrs. Andreu's lot, and Mrs. Andreu could have recovered against Miss Watkins, even assuming the latter's possession to have been adverse, as the period of the statutory bar had not run.

There can be no doubt but that Miss Watkins' fence is on the line of Water street as it was laid out by the original survey. Miss Abbott testifies to the finding of the old stake at the south-east corner, and the evidence is otherwise entirely satisfactory on the point. It is true that Mickler's measurement of the distance from Water street to Orange street, as the fences now stand, was three hundred and

two feet, and Colee's survey makes it three hundred and three feet, whereas the above plan of the original survey states it to be only three hundred feet. These discrepancies can be of no benefit to the plaintiff, nor any harm to the defendant, in their controversy as it appears now, for it is not pretended that Mrs. Andreu claims further east than one hundred and thirty feet from the fence, or east line of Orange street; or, in other words, that she denies Miss Watkins' right to the east twenty feet of the one hundred and fifty feet of land conveyed to her by the original deed from Miss Abbott. Assuming that the east line of Orange and the West line of Water street were as actually laid out on the ground by the surveyor more than three hundred feet apart, the mistake as to their distance from each other would not affect the actual location as boundaries. Turnbull vs. Schroeder, 29 Minn., 49. The description of the street in the deed from Miss Abbott to Mrs. Andreu would nevertheless mean its east line as it was actually run out. Whether or not the absence of any other proof than that as to finding the old stake on Water street, the eastern line of Orange street would not be assumed to be three hundred feet west of that stake, is immaterial to this case.

The contention of Miss Watkins that the fence, which was five feet west of the true line, or only one hundred and forty-five feet east of Orange street, is the eastern boundary of the land conveyed, is not supported by the deed. It is not mentioned in the deed as the eastern boundary. If it had been made the eastern boundary by proper words, then of course the five feet east of it would not have passed by the deed, but as it was not the fact that either or both of the parties to the deed may have understood it to be, will not include it in the grant. A deed which fails to describe any part of the land intended

to be conveyed, does not convey the part omitted from the description.

The parol evidence as to where the fence stood was inadmissible to prove that any other than the east true line of the lot conveyed to Mrs. Andreu, was the east line to the piece conveyed by her and her husband to Miss Watkins; and no other land passed by the latter deed than a piece having the same eastern boundary and extending west twenty feet, and otherwise answering the calls of the deed, and ·hence the land sued for is not included in that deed and cannot be recovered under it. Cornell vs. Jackson, 9 Met., 150; Northrop vs. Sumney, 27 Barb., 196; Tymason vs. Bates, 14 Wend., 671; Crosby vs. Parker, 4 Mass., 110; Armstrong vs. DuBois, 90 N. Y., 95; Cornell vs. Todd, 2 Denio, 130; Clark vs. Baird, 9 N. Y., 183, 199, *et seq.*; Drew vs. Swift, 46 N. Y., 204; Linscott vs. Fernald, 5 Greenleaf, 496; Bell vs. Morse, 6 N. H., 205; VanWyck vs. Wright, 18 Wend., 157; Clark vs. Wethey, 19 Wend., 320; S. & W. on Trial of Titles to Land, sec. 798 a.

There is in the authorities presented in behalf of the appellee nothing in conflict with the views given or authorities we have cited. The cases relied upon to sustain the introduction of parol evidence to show that the fence was the dividing line referred to by the. deed, are such as present a latent ambiguity in the description as in Abbott vs. Abbott, *supra*, and Hedge vs. Sims, 29 Ind., 574, or where stakes or other monuments were held to control distances as in Turnbull vs. Schroeder, *supra*, or where as in Raemer vs. Nesmith, *supra*, Waterman vs. Johnson, 13 Pick., 371, and Claremont vs. Carlton, 2 N. H. 369, parol testimony was admitted to explain particular expressions which did not of themselves convey a definite meaning.

Where one deed refers to another or to a map or plan of

a survey for a description, the deed, map or plan referred to becomes as much a part of the instrument making the reference as if actually copied into it. Chaffin vs. Chaffin, 4 Gray, 280 ; Allen vs. Bates, 6 Pick., 460 ; Foss vs. Crisp, 20 Pick., 121 ; Vance vs. Fore, 26 Cal., 436 ; 3 Washburne's Real Property, 4th Edition, 327, 328, 430; Gould on Waters, Sec. 194.

As the plaintiff has not been in possession of the land sued for for the period and under the circumstances necessary to create in her a statutory title by adverse possession, nor in fact in possession of it at any time in so far as this record discloses ; and as such land is not covered by her deed from Mrs. Andreu, and parol testimony is not admissible for the purpose for which it is attempted to be used, a new trial should be granted.

It is unnecessary to discuss the several assignments of error further than they are involved in what has been said above. The judgment is reversed and the case remanded for a new trial.