WILLIAM W. ARMS and Another v. CITY OF OWATONNA and Others.[1]

January 26, 1912.

Nos. 17,415—(176).

**Mistakes in platted lots — reference to monuments.**

     Errors, mistakes, and ambiguities appearing in a recorded plat of lots and blocks, respecting the size and dimensions of the lots platted and the width of streets thereby laid out, may be corrected and explained by a reference to the monuments placed in the ground by the surveyor at the time of surveying and platting the land.

[1] Reported in 134 N. W. 298.

**Width of street — evidence.**

> A particular street in such a plat was designated as forty feet wide. It is *held* that the trial court was justified by the evidence in finding such designation an error or mistake, and that the street was in fact, as shown by the monuments placed in the ground by the surveyor, fifty feet wide.

**Findings — evidence.**

> Findings of fact in other respects *held* supported by the evidence.

Action in the district court for Steele county to quiet title to a certain strip of land against a certain unlawful claim of defendant city; to obtain a decree that the city had no right to retain its sidewalk thereon; that defendant Watowa, as county treasurer, be ordered to accept from plaintiff $24.24 in full satisfaction of a certain tax levy; that defendant Bosshard, as county auditor, be restrained from certifying to the clerk of court for Steele county the tax as delinquent and from selling the land, and for judgment against defendant city for $75.

The complaint alleged a platting and subplatting of a certain lot in defendant city, and the conveyance to one of the plaintiffs of a portion of the same; that in 1909 defendant city notified plaintiff to construct a sidewalk on and along the north side of plaintiff's lot in the manner described in the complaint; alleged that, if laid as directed, the sidewalk would be wholly on plaintiff's lot and not in or upon any street, save at the easterly end thereof; that defendant city established and constructed a sidewalk in the manner directed; that plaintiff, before its construction, notified the city that he was ready to build a sidewalk at such place as it belonged, but that he had been forbidden from building the walk himself upon the proper location, and his failure to build the walk was in obedience to officials of defendant city; that the cost of the walk was attached by the county auditor to the tax assessed against the property for the year 1909; that plaintiff tendered to the county treasurer in lawful money the entire amount levied as taxes against the property, not including the assessment for this walk, and the tender was refused, and that unless restrained the county officials would sell said property.

The answer, among other matters, alleged that the notices to con-

struct the walk were refused by plaintiffs on the sole claimed ground that the line given them by the city surveyor was not the true boundary line between the street and plaintiff's property, and that the line so given was the true line of the street and the plaintiff's property. The reply was a denial of new matter.

The case was tried before Childress, J., who made findings and as conclusions of law found that the action should be dismissed and defendants recover their costs. Plaintiffs' motion for a new trial was denied, but their motion to amend the findings and order for judgment was granted so far that the order granted judgment that defendant county treasurer accept the sum tendered in full satisfaction of the tax levy of 1909, and the county auditor be restrained from certifying the tax as delinquent, and for costs against defendant city.

From that part of the judgment, entered pursuant to the order for judgment, which adjudged and decided that the sidewalk constructed by defendant city was built and stood on the true line between sublot three of lot one of block two of Abbott's addition to said city and Flowerdale street in said addition, and reviewing on appeal the refusal of the court to find as requested in plaintiff's motion for amended findings, of date June 27, 1911, that plaintiffs were the owners of the premises and that the cement sidewalk was located for the most part upon plaintiffs' land and not on Flowerdale street, and the refusal of the court to find that the portion of Flowerdale street west of Pleasant street was of the width of forty and not of fifty feet, plaintiffs appealed. Affirmed.

*J. A. & A. W. Sawyer,* for appellants.
*Sawyer & Sperry,* for respondents.

BROWN, J.

This action involves the boundaries of plaintiffs' property, situated in Riverside addition to the city of Owatonna, and the issue is determined by an answer to the question whether the street fronting thereon, as disclosed by the recorded plat of the addition, is forty or fifty feet wide. The plat designates a street forty feet wide, but the trial court found that this was an error or mistake of the

person preparing the plat, and that the street as laid upon the ground was in fact fifty feet wide. Judgment was ordered accordingly, and plaintiffs appealed.

Two questions are presented by the assignments of error: (1) Whether the designation on the plat of a street forty feet wide fronting plaintiffs' lot is conclusive, or whether it may be shown by the monuments and stakes set by the surveyor in platting the ground that by the original survey the street was fifty feet in width; and (2) whether the findings of the court are sustained by the evidence.

1. The plat of the addition of which plaintiffs' lot forms a part contains many irregular lots, as well as irregular streets and alleys. Plaintiffs own lot 1 of block 2. A stone monument was placed at the southwest corner of this lot at the time the land was surveyed and platted, and this was located by all the surveyors who were examined as witnesses on the trial below. From this monument the lot extends due north fifty-five feet, thence angles to the right a distance of eighty-eight and one-half feet, thence east one hundred forty-three and one-half feet, south one hundred thirty feet, and thence west one hundred ninety-five feet to the place of commencement. The plat designates the street fronting the lot on the angle mentioned as forty feet wide, and it is the contention of plaintiffs that the plat is conclusive, and cannot be overcome by parol evidence. In this we do not concur.

It is clear from the evidence that a mistake was made in the preparation of the plat, either in designating the boundaries, courses, and distances of plaintiffs' lot or in the figures indicating the width of this street. In this situation the authorities are clear that, in solving the error, reference may be had to the original monuments set in the ground at the time of the survey of the platted land. The monuments, when found and clearly identified, become conclusive. Turnbull v. Schroeder, 29 Minn. 49, 11 N. W. 147; 2 Notes to Minn. Cases, 270; 5 Cyc. 914, et seq., and the numerous authorities there cited.

The rule is in no way changed by the provisions of section 5, c. 29, G. S. 1878, the statute in force when this plat was filed, declaring

that every grant or dedication to the public noted upon a plat shall be deemed in law and equity a conveyance of the same to the public. No question involving the effect of the plat is presented. A street was in fact dedicated to the public use by the plat, and the only question is the width of the same. Having found that the plat contained an error or mistake, either in the designation of the width of the street or in the dimensions of the plaintiff's lot, the monuments as located upon the ground were properly resorted to in determining the same.

The ambiguity or error in the plat also removes from the case the rule that a plat is not open to contradiction by parol evidence. The evidence in the case at bar was presented for the purpose, not of impeaching the plat, but to solve an apparent error or mistake, constituting an ambiguity, which is always open to explanation. Counsel's contention that the plat is conclusive of a street forty feet wide is not, therefore, sustained.

2. The further contention, that the findings of the trial court to the effect that the plat contained an ambiguity and that the street was in fact originally laid fifty feet wide are not sustained by the evidence, requires no extended discussion. Considerable evidence was offered by both parties, all of which we have carefully considered. From it the court was fully justified in so finding facts, and we discover no reason for interference with its conclusion.

That there was an error in the plat is quite clear. As already stated, a stone monument at the southwest corner of plaintiff's lot was made the basis of all the surveys of which testimony was given on the trial. By that monument as a guide, a survey of this lot in accordance with its dimensions as indicated by the plat gives to it the full quantity of land assigned by the plat, and leaves the street fifty feet wide. But by giving the street only forty feet, plaintiffs gain ten feet of ground. This of itself discloses an error in the markings on the plat.

In addition to this, the record presents evidence that the street was by the officers of the city and others treated as a street fifty feet wide, and it was improved as such for several years prior to

the present controversy. And while in some respects the evidence is conflicting, we find from the record sufficient credible testimony to justify the court in reaching the conclusion it did, and without further discussion we sustain the findings.

Judgment affirmed.

PHILIP E. BROWN, J., being absent on account of illness, took no part.