MELVIN K. ERICKSON AND ANOTHER v.
OSCAR H. TURNQUIST AND OTHERS.

77 N. W. (2d) 740.

June 29, 1956—No. 36,783.

*Clifford G. Nelson,* for appellants.
*Bradford & Kennedy,* for respondents.

DELL, CHIEF JUSTICE.

This is an appeal from an order of the district court denying plaintiffs' motion for a new trial.

The defendants are the owners of lot 3 and plaintiffs the owners of lot 4, in block 35 of Northern Pacific Addition to Wadena. This action was instituted to determine the boundary line between said lots. The lots, as platted, are 140 feet long, 50 feet wide, and front on Third Street SE. The "Original Town of Wadena" lies north of and adjacent to Northern Pacific Addition. Both parties had independent surveys made.

J. E. Howard, a licensed surveyor and for many years the county surveyor of Wadena County, made the survey on behalf of the plaintiffs. He did not commence his survey within the Northern Pacific Addition but started from a point located within the Original Town of Wadena some five or six blocks north of the lots in question. His starting point is not clear. At one time he testified that he commenced his survey from the center line of the westbound Northern Pacific railroad track as it runs through Wadena. Later he stated that he started it at the intersection of Jefferson Street and Ash Avenue. While the recorded plat of the Original Town of Wadena indicates no monument either at the center of the Northern Pacific track or at the intersection of Jefferson Street and Ash Avenue from which to commence a survey, Howard testified that there is a bronze plate or pin located at the street intersection established by the state highway engineers. From the point of commencement he ran his survey west and south into Northern Pacific Addition to block 35. He then determined what he considered to be the boundary line between lots 3 and 4 and set stakes at both ends of the line.

Harold S. Hall, a licensed civil engineer and surveyor with several years' experience, made the survey for the defendants. He commenced his survey within Northern Pacific Addition itself, starting at the southwest corner of the addition which is also the center of sec. 7, T. 134, R. 34. The addition was originally platted in 1883 and the plat describes and shows a stone monument located at its southwest corner. This monument is no longer in existence. In 1937 Harvey S. Dartt, a registered professional highway engineer of Minnesota, at the request of the village council of Wadena, resurveyed and replatted blocks 57, 58, 61, and 62 of the addition. These

blocks are located in the extreme southwest corner of the addition. In the course of his survey, Dartt reestablished the monument at the southwest corner of the addition and placed a stone in the ground at that point. He set four iron stakes as measured landmarks to the reestablished corner. His survey and plat, showing the relocated monument and also the four landmarks, was accepted by the village council on September 22, 1937. It was recorded in the office of the register of deeds of Wadena County on January 5, 1938. The stone monument which Dartt relocated at the southwest corner of the addition is also no longer in existence. However three of the four measured landmarks are still there, and Hall testified that from those landmarks he could accurately relocate the southwest corner of the addition. It was from these landmarks that he commenced his survey. He compared his measurements made on the ground against the distances and calls specified on the Dartt as well as the original plat. He found them to be nearly identical. Having completed his survey, he set stakes at both ends of the line which he determined to be the boundary line between lots 3 and 4. His stake at the east end of the line was 1.1 feet southerly and .25 feet westerly of the point established by Howard, and his stake at the west end of the line was 1.2 feet southerly and .35 feet westerly of the point established by Howard. Thus the dispute between the parties is over a strip of land slightly in excess of one foot in width and 140 feet in length.

The lower court found that the line, as determined by the survey of Hall, was the true boundary line between the lots and ordered judgment accordingly. Plaintiffs moved for amended findings of fact and conclusions of law or, in the alternative, for a new trial. Their motions having been denied, this appeal followed.

■ Plaintiffs contend that the findings of the trial court are not supported by the evidence. It is elementary that on review the facts are to be considered in the light most favorable to the findings[1] and that our function is to look to the evidence as a whole to determine

[1]Bjerketvedt v. Jacobson, 232 Minn. 152, 44 N. W. (2d) 775.

whether it is sufficient to sustain the findings of the district court.[2] In boundary-line disputes, as in other types of cases, we have repeatedly held that the findings of the trial court will not be disturbed unless they are manifestly or palpably contrary to the evidence adduced.[3]

■ Since the location of lots, streets, and alleys within a plat is determined by their relation to the original monuments and landmarks of the plat, it must be apparent that the proper point from which to commence a survey to determine the boundary line between lots within an addition is an original or properly relocated monument or landmark within the addition itself, or from a point directly and accurately traceable to such a monument or landmark.[4] On the record here Hall was fully justified in relying upon the resurvey of the addition prepared by Dartt in determining the proper landmarks from which to commence his survey.[5] From those landmarks he proceeded in a northerly direction along the easterly boundary line of Second Street SW. approximately three blocks to Franklin Avenue, and in doing so checked the existing monuments at the corners of each block along the street. He found the actual distance to be 1,060.15 feet as compared to the platted distance of 1,060 feet. From his measurements and observations he testified that the platted corners along the street were very accurately set and marked. He used his line at the intersection of Second Street SW. and Franklin Avenue as a base from which to run lines easterly in an effort to determine the correct boundary line between lots 3 and 4. In proceeding easterly on Franklin Avenue for a distance of five blocks

[2]Minneapolis & St. L. Ry. Co. v. Ellsworth, 237 Minn. 439, 54 N. W. (2d) 800; Engquist v. Wirtjes, 243 Minn. 502, 68 N. W. (2d) 412.

[3]Bjerketvedt v. Jacobson, 232 Minn. 152, 44 N. W. (2d) 775; Engquist v. Wirtjes, 243 Minn. 502, 68 N. W. (2d) 412.

[4]See, Dittrich v. Ubl, 216 Minn. 396, 13 N. W. (2d) 384.

[5]M. S. A. 599.14. "Records of surveys made by the engineering department of any municipality, including field notes, profiles, plats, plans, and other files and records of such department, shall be prima facie evidence in all courts of the correctness of the facts shown and statements made therein." See, Fish v. Chicago, St. P. & K. C. Ry. Co. 82 Minn. 9, 84 N. W. 458.

to Third Street SE., he found an actual distance of 1,819.85 feet as compared to the platted distance of 1,820 feet. We shall refrain from going into further detail in describing Hall's survey other than to say that his testimony and field notes show that the actual distances found by him were very close to the platted distances between the landmarks or stakes as shown on both the Dartt and the original survey. Moreover, plaintiffs do not question the manner in which Hall conducted his survey but rather only the validity of the points from which his survey was commenced. They claim that the points were not shown to be base monuments nor were they shown to have any relation to any established base monument. We cannot agree with this contention. It is true that the original monument or landmarks of a plat furnish the best evidence of the location of the property lines and corners actually established by the survey[6] and become conclusive in determining the starting point of a survey.[7] While technically the proper practice for Hall to follow was to reestablish the lost monument at the southwest corner of Northern Pacific Addition and to commence his survey from that point, it is clear that his failure to do so is of no consequence because the result would have been the same. The question before us is not whether Hall's survey was precisely accurate but rather whether there is evidence that reasonably supports the findings of the trial court. It is a matter of common knowledge that surveys made by different surveyors seldom, if ever, completely agree and, that more than likely, the greater the number of surveys the greater the number of differences.[8]

The evidence concerning the Howard survey is vague, indefinite, and unsatisfactory. The survey is not traceable to any of the monuments or landmarks of the original survey of Northern Pacific Addition or to any resurvey or relocated monuments of the addition.

---

[6]Dittrich v. Ubl, 216 Minn. 396, 13 N. W. (2d) 384; Arms v. City of Owatonna, 117 Minn. 20, 134 N. W. 298; Turnbull v. Schroeder, 29 Minn. 49, 11 N. W. 147.

[7]Dittrich v. Ubl, 216 Minn. 396, 13 N. W. (2d) 384.

[8]Dittrich v. Ubl, 216 Minn. 396, 13 N. W. (2d) 384; City of Racine v. Emerson, 85 Wis. 80, 55 N. W. 177; 8 Am. Jur., Boundaries, § 102.

On the record before us the court was justified in refusing to accept the Howard survey and it is, therefore, unnecessary to further discuss it. Since there is evidence that reasonably sustains the trial court in finding that the boundary line between the lots in question is the line established by the Hall survey, the order denying plaintiffs' motion for a new trial must be affirmed.

Affirmed.