Per Curiam.

There was proof of title on the part of some of the lessors of (he plaintiff to at least eighteen twentieths of the premises claimed in each of the above causes, and the jury would have been warranted in presuming a title even to the remaining two parts. The release to Van Dam, in 1767, of the title of all the twenty patentees except two, was made for the purpose of making partition; and as he afterwards conveyed to DuBois, and Du Bois to White and others, in trust, and the trustees to Franklin, the ancestor of three of the lessors of the plaintiff, and as it was proved that all the lots in the patent of which the witnesses had any knowledge, were held agreeably to the partitiiion made by Van Dam, and as no outstanding title in the two remaining patentees appeared, a perfect title in Franklin to the whole lot became the legal inference. The power of attorney under which the title of some of the patentees was conveyed to Van Dam, after so great a lapse of time, and such a universal acquiescence in the Van Dam title was to be deemed valid without proof of its execution. This very point was decided in Doe v. Phelps. (9 Johns. Rep. 169.)
The remaining point in the case is, whether any title superior to this was shown on the part of the defendants, or any bar to the action by means of adverse possession. In the suit against Campbell there was no possession of 20 years pretended; and the possession which one Smith commenced about 25 or 26 years before the trial, and under colour (as it was to be presumed) of a deed from one Hake, was on the farm occupied by Elliot. No other possession of 20 years’ standing was shown, and, consequently, the defence of 20 years’ adverse possession could only apply to the suit against Elliot. And in the suit against him the adverse possession is unavailing. The possession commenced by Smith consisted only of a small clearing of 5 or 6 acres, and it is not ascertained in what part of Elliot’s farm it was to be located. But the decisive objection to this defence is, that no regular deduction of title, or privity and continuity of possession, was shown and deduced down from Smith to Elliot, or to any of the other defendants. Adverse possession must be marked by definite boundaries, and be regularly continued down to render it availing. (Brandt v. Ogdens, 1 Johns. Rep. 156.)
In the first case, the verdict is to be set aside and a new trial awarded with costs to abide the event of the suit; and in all (he *484 other cases there must be judgments for the plaintiff for all the lands in possession of the defendants in lot No. 4. in Young’s patent.
Rule accordingly.