Curia, per Sutherland, J.
The charge of the judge was erroneous. Leonard, the defendant, showed nothing like an adverse possession for 20 years. He purchased of Joseph T. Pitney only six or seven years before the trial, and then entered upon the lot for the first time. . Bryant swears expressly that he never sold to Leonard, or put him in possession of any part of the lot. Whether Bryant, or those claiming under him, could protect themselves on the ground of adverse possession, is not material; for' there was no privity between them and the defendant; and no continuity of Bryant’s possession is shown.
In Brandt v. Ogden, (1 John. Rep. 159,) Spencer, J. says, “ Smeed’s possession is not connected with that of Wing, nor is the defendant’s with that of Smeed. There is no continuity of possession. Under these circumstances it cannot be pretended that this is an adverse possession of twenty years.” So in Doe v. Campbell, (10 John. 477,) the court say, “ but the decisive objection to this defence (of adverse possession) is, that no regular deduction of title,' or privity and continuity of possession, was shown and deduced down from Smith to Elliott, or'tc any of the *685 other defendants. Adverse possession must be marked by definite boundaries, and be regularly continued down, to render it availing.” [1]
New trial granted.

 Humbert v. Trinity Church, 24 Wen. 586. Simpson v. Downing, 23 Wen. 316. Jackson v. Phillips, ante, 94.