# THE CITY AND COUNTY OF SAN FRANCISCO v. MARTIN FULDE, LAMONTINA FULDE, THOMAS B. KING, H. G. WOODWORTH, AND DAVID CAL-DERWOOD.

FIVE YEARS ADVERSE POSSESSION.—An adverse possession of land for five years continuous in the party who first becomes the adverse possessor, or in him and his grantees and successors in interest, is requisite to acquire title by the Statute of Limitations.

IDEM.—A party, in order to make up five years adverse possession of land, cannot add to his own possession that of the one who preceded him, when he did not enter into possession under or through the one who preceded him.

IDEM.—To work out the Statute of Limitations requires an actual possession, not an assertion of possession by words or an action; and if the continuity is broken, either by fraud or a wrongful entry, the protection given by the Statute of Limitations is lost.

IDEM.—If the person claiming the benefit of the Statute of Limitations has not been in possession five years, but claims to add the possession of his predecessor to his own, his predecessor will be deemed to have held in subordination to the true title, unless he shows a privity between himself and his predecessor, and if he does not show this privity, he cannot dispute this presumption and show that his predecessor did hold adversely.

CONSTRUCTION OF STIPULATION.—If, in ejectment, where five years adverse possession is pleaded, the parties stipulate that the plaintiff was never in possession, but the stipulation admits title to have been in the plaintiff, the stipulation will be construed as referring to actual possession.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

This was an action of ejectment to recover possession of City Slip Lot Number Forty-three in the City of San Francisco. The complaint averred ownership in the plaintiff on the first day of October, 1862, and ouster by the defendants. Suit was commenced August 17th, 1865. The answer set up five years adverse possession. The lot is a part of the water front of San Francisco.

The cause was tried on the 28th of August, 1867, by the the Court, sitting without a jury. It was admitted at the trial by both parties that the use and occupation of the premises in controversy were granted to the City of San Francisco for the term of ninety-nine years by an Act of the Legisla-

ture of the State of California, passed March 26th, 1851, entitled "An Act for the disposition of certain property of the State of California," but that the plaintiff was never in the possession of said premises. It was further admitted on the trial that at the time of the commencement of this action the defendants Martin Fulde and Lamontina Fulde were in the actual occupation of said premises. With these admissions the plaintiff rested.

The defendants appealed.

The other facts are stated in the opinion of the Court.

*J. M. Seawell,* for Appellants.

The possession ever since the lot was filled in by McDonald, in 1859, was that of McDonald and his grantees. The possession of land is not to be deemed interrupted by every casual intrusion or trespass. If Callachan had committed a forcible entry upon the premises, and driven us from the possession of the land, and we had immediately commenced an action, and finally regained our possession by legal proceedings, then our possession is not to be considered as interrupted, but continuous. (*Mackentile* v. *Savoy,* 17 S. & R. 109; *Fanning* v. *Wilcox,* 3 Day, 258; *Shannon* v. *Kinney,* 1 A. K. Marshall, 4; *Hord* v. *Walton,* 2 A. K. Marshall, 620.)

*H. M. Hastings,* for Respondent.

The evidence did not show that the defendants had been in the continuous occupation of the premises for the period of five years prior to the commencement of the action. It having been admitted that the plaintiff had acquired a legal title to the premises by virtue of the grant of March 26th, 1851, it devolved upon the defendants to show such a state of facts as would destroy the presumption that the plaintiff was still entitled to the possession. This they did not do, as their own evidence showed their continuity of possession broken by Callachan. Under this state of facts the presumption was that Callachan had possession for the plaintiff.

(*Melvin* v. *Proprietors of Locks, etc.*, 5 Metc. 32; *Brandt* v. *Ogden,* 1 Johns. 158.)

By the Court, Rhodes, J.:

It appears from the evidence that McDonald took possession of the lot in the latter part of the year 1858 or the beginning of 1859; that Hill, his tenant, occupied the lot from that time until his death in 1861; that thereafter McDonald conveyed the lot to Calderwood in 1862; that at that time Callachan was in possession, but it does not appear that he entered under McDonald or Calderwood; that Calderwood brought suit against Callachan in a Justice's Court to recover possession; that judgment was rendered in the County Court, on appeal, for Calderwood, and, under the writ of restitution, July 29th, 1863, Calderwood was placed in possession; and that he, his grantees, and Fulde, their tenant, have ever since that time occupied the lot. This action was commenced August 17th, 1865. The plaintiff had judgment.

This lot, among other property, was granted to the city for the term of ninety-nine years by the Act of March 26th, 1851, for the disposition of beach and water lots; and, as the *title* to the lot was in issue in this action, the judgment must stand, unless the defendants made out title by adverse possession. The defendants contend that they can defeat the action if they can show an adverse possession, *continuous in point of time,* for the period of five years, though such possession was held by several persons successively, but without any privity; in other words, that, in order to make up the five years of adverse possession, they are entitled to add to their own possession that of those who preceded them, although they, the defendants, did not enter into possession under or through their predecessors. This position cannot be sustained upon any proper construction of the Statute of Limitations. In *Arrington* v. *Liscom,* 34 Cal. 365, it is held

that the adverse possession for the period described by the statute not only bars the remedy, but extinguishes the right of the party holding the title. (See, also, cases there cited, and *Cannon* v. *Stockmon*, 36 Cal. 535.) As such adverse possession is the means by which the former title is extinguished, and a new one created, those means must, necessarily, proceed from the person in whom the better title vests; that is to say, his adverse possession alone, or the adverse possession of him and those through whom he claims, and under whom he entered, must fill the statutory period. Adverse possession, to be available as a defense, or as a title, must have been continuous both in time and in interest.

It is urged that the possession of McDonald and his grantees was continuous, as Calderwood continued to assert his right to the possession, and commenced an action, and obtained a judgment for the possession; and it is said that if such possession is not continuous within the meaning of the decisions, it is in the power of any one having the physical ability, by a forcible entry upon and detention of the premises, to break the continuity of possession. The assertion of the right of possession, whether by words or by an action, is not the equivalent of possession in fact for the purposes of the Statute of Limitations. It makes no difference, in respect to the operation of the statute, whether the adverse possession commenced or was terminated either peaceably or forcibly, and as the adverse possession when continued during the whole period of the statute ripens into a title or constitutes a perfect defense, though it was initiated by force or fraud, so such possession may be interrupted by the same means by which it was acquired. Had the plaintiff, instead of Callachan, forcibly entered, Calderwood could have recovered the possession in an action of forcible entry and detainer; and if the actual possession of the plaintiff, thus acquired and held, when added to that of McDonald and his grantees, would have made up the full period of five years, we do not think the latter would seriously contend

that they could have made a successful defense to this action on the ground of adverse possession. It makes no difference by whom, or in what manner, the continuity of the adverse possession is broken, so only that it is broken. The statute protects only such adverse possession as has been continuous in fact, both as to time and interest, during the prescribed period, and if such continuity is broken, it is not restored by showing that it was interrupted by a wrongful entry.

In many cases in which the defendant pleads, as in this case, that neither the plaintiff, his ancestor, predecessor, nor grantor was seized or possessed of the premises in controversy within five years before the commencement of the action, counsel seem to have overlooked the ninth section of the Act, which provides that "the person establishing a legal title to the premises shall be presumed to have been possessed thereof within the time prescribed by law, and the occupation of such premises by any other person *shall be deemed to have been under and in subordination to the legal title*, unless it appear that such premises have been held and possessed adversely to such legal title for five years before the commencement of such action." Under those provisions the person who preceded the defendants in the possession, but held for less than five years, will be deemed to have held in subordination to the true title, unless there is a privity between him and the defendants, in which case the possession of the former becomes the possession of the latter; both possessions being referred to the same entry. The defendant cannot dispute this presumption, and show that such person did, in fact, hold adversely; because the defendant, not claiming under him, is not entitled to litigate the question as to the capacity in which he held; because the possession of each is distinct, and cannot constitute *one* adverse possession, for they are referable to different entries; and because, as the defendant merely succeeds the former possessor, without privity, there may be an immediate succession of possessions, but not a continuity of possession.

Cal. Reps. XXXVII—45

This doctrine is also sustained by authority. In *Melvin* v. *Proprietors of Locks*, etc., 5 Met. 32, it is said: "It is a prin-- ciple well established that when several persons enter on land in succession, the several possessions cannot be tacked so as to make a continuity of possession, unless there is a privity of estate, or the several titles are connected. When-- ever one quits the possession, the seizin of the true owner is restored, and an entry, afterwards, by another wrongfully, constitutes a new disseizen." To the same effect is *Brandt* v. *Ogden*, 1 Johns. 158; and see, also, *Ward* v. *Bartholomew*, 6 Pick. 410; *Wade* v. *Lindsey*, 6 Met. 407; *Doe* v. *Campbell*, 10 Johns. 475; *Jackson* v. *Leonard*, 9 Cow. 653; *Overfield* v. *Christie*, 7 S. & R. 173; *Moore* v. *Small*, 9 Barr, 194; *Mercer* v. *Watson*, 1 Watts, 330; *McCoy* v. *Trustees of Dickenson*, etc., 5 S. & R. 254; Ang. on Lim., Sec. 414.

There are some cases cited by the defendants that hold the contrary doctrine; but, in our opinion, they are as far from the true line as is *Lessee of Potts* v. *Gilbert*, 3 Wash. C. C. 475, in which it is held that the last possessor cannot tack the possessions of his predecessors, even if there had been conveyances, because they had no title to convey.

The stipulation "that the plaintiff was never in the pos-- session of said premises," has reference to *actual* possession, as is apparent from another branch of the stipulation, which admits that the premises were granted to the plaintiff for ninety-nine years by the Act of March 26th, 1851.

Judgment affirmed, and remittitur ordered to issue forth-- with.