THOMAS G. HAYNES *vs.* BENJAMIN G. BOARDMAN.

Essex.   Nov. 4, 1875. — Jan. 8, 1876.   MORTON & LORD, JJ., absent.
ENDICOTT, J., did not sit.

There is sufficient privity of estate between a testator, a person to whom he has devised land for life and the remainderman under his will, to establish a title by adverse possession, if the possession by the testator and his devisees is continuous for twenty years.

The mere payment of rent or admission of title by a tenant, without the knowledge of his landlord, will not operate to interrupt an otherwise continuous adverse possession by the landlord.

WRIT OF ENTRY, dated November 12, 1870, to recover a parcel of land in Haverhill. Plea, *nul disseisin.* At the trial in the Superior Court, before *Allen,* J., the jury found for the demandant; and the tenant alleged exceptions, the substance of which appears in the opinion.

*J. W. Perry & L. S. Tuckerman,* for the tenant.

*S. B. Ives, Jr.,* for the demandant.

COLT, J. There was evidence tending to show adverse possession of the demanded premises, commencing with the occupation of Mrs. Atwood in 1832, and continued until her death in 1847. She devised all her real estate to Susanna Gage for her life, remainder in fee to the demandant. The possession was continued in Susanna until her death in 1863, and by the demandant until shortly before the commencement of this action. The principal question is whether there was that privity of estate between the testatrix and her devisees which is required to establish title by continuous adverse possession.

It is settled that the disseisin of an heir, devisee or grantee may be tacked to that of an ancestor, devisor or grantor, to create title by adverse possession. *Leonard* v. *Leonard,* 7 Allen, 277. *Melvin* v. *Proprietors of Locks & Canals,* 5 Met. 15, 32. Such adverse possession, continued for twenty years, affords a conclusive presumption of grant to the first occupant.

It is claimed that there is no such privity between the life tenant and the remainderman, because the latter in no sense claims under the former. But the answer is, that both claim under the same will by one title. The disseisin, which was commenced by the testatrix, is continued by each in accordance with that title, and is referred by each only to the entry of the testatrix. There has been no loss of possession ; no restoration of the seisin to the true owner ; no new entry. The disseisin which commenced with the testatrix has been continuous in her devisees, and establishes her title by lapse of time. It is plainly distinguished from a case of successive entries and new disseisins by different and independent parties.

It does not follow, because no act of the life tenant in disparagement of his title, and no disseisin of him, will be permitted to injure the remainderman, that an adverse possession maintained by the tenant, under his title, will not enure to the benefit

of the former. ' The test of title is that there has been no inter-
ruption of possession, and no new entry required. If the pos-
session ends before the expiration of the time required to estab-
lish the presumption, the seisin of the true owner is restored,
and he comes in by right, and not by disseisin, as against all
parties.

The other question relates to the effect to · be given to the
alleged payment of rent to the owner made by tenants of the
demandant, and those in privity with him, in occupation of the
demanded premises. There was evidence that some of the acts
of those who occupied under the testatrix and life tenant were
permissive, and the jury were told that the demandant could not
have the benefit of such acts, unless they were satisfied that they
were under the authority or direction of Atwood or Gage. Full
instruction was also given as to what constituted adverse posses-
sion. And it cannot be stated as matter of law that the pay-
ment of rent, or an admission of title, by a tenant of the demand-
ant or his grantor, without the knowledge of his landlord, would
alone operate to interrupt an otherwise continuous adverse occu-
pation.                                         *Exceptions overruled.*