BRIDGET SHERIN and others *vs.* GEORGE A. BRACKETT.

December 8, 1886.

**Ejectment—Possession.**—As against one showing no title in himself, possession is title.

**Statute of Limitations—Adverse Possession—Tacking—Privity.** — To make out the statutory period of adverse possession so as to bar an action for the recovery of land, the period of the adverse possession of several successive holders may be tacked together, but privity between them is indispensable. Privity exists between two successive holders when the latter takes under the earlier, as by descent, will, grant, or voluntary transfer of possession.

**Same—Requisites of Adverse Possession.** — To be adverse, possession must be actual, open, continuous, hostile, exclusive, and accompanied by an intention to claim adversely.

**Same—Possession by Tenant.**—Continuity of adverse possession is not interrupted by the possession of one who occupies as a tenant of the alleged adverse possessor.

The plaintiffs brought this action in the district court for Hennepin county, to recover the possession of a strip of land in Minneapolis. Upon the trial before *Young,* J., and a jury, the plaintiffs having rested their case, the action was dismissed, on defendant's motion, for plaintiffs' failure to make out a case. Plaintiffs appeal from an order refusing a new trial.

*Smith & Reed,* for appellants.

*Fish, Evans & Holmes,* for respondent.

BERRY, J. This is an action in the nature of ejectment, in which the plaintiffs, seeking to recover possession of a strip of land, alleged that on October 1, 1885, and long before, they were and now are owners thereof; and further that they and their ancestors, from whom they derive title, have been in the actual, peaceable, open, notorious, adverse, and continuous possession thereof for more than 25 years prior and up to October 8, 1885; that on that day, while they were in such actual possession, defendant unlawfully entered upon said

strip of land and wrongfully ejected them therefrom, and ever since wrongfully detains possession thereof.

Doubtless the intent of the pleader was to set up title in fee based upon what is called adverse possession. But as the greater includes the less, the complaint sufficiently pleaded actual possession at the time of the defendant's alleged entry, so that if upon the trial the plaintiffs failed to make out adverse possession, such as would give them title as against the holder of the paper title, still, if they proved actual possession, they might properly insist that they were within the allegations of their complaint, and had made out a case as against a mere trespasser. For as against one showing no title in himself, possession is title. *Wilder* v. *City of St. Paul*, 12 Minn. 116, (192;) *Rau* v. *Minnesota Valley R. Co.*, 13 Minn. 407, (442;) Sedg. & W. Tr. Title Land, §§ 717, 718.

The evidence upon the trial below in the case at bar showed that plaintiffs were in possession of the strip of land in controversy at the time of defendant's entry upon it, and defendant gave no evidence of any right or title in himself. In this state of the evidence the plaintiffs were entitled to judgment, and hence the trial court erred in dismissing the action at the close of the plaintiffs' testimony. As this point is insisted upon by plaintiffs it cannot be disregarded, and so there must be a new trial.

This disposes of the present appeal, but (as we surmise) not of the real merits of the controversy, and therefore, with reference to a new trial, we deem it expedient to determine certain other questions raised upon the argument.

And, *first*, though there are a few cases which hold that the statutory period of adverse possession, which will bar an action for the recovery of land, may be made up by tacking together the periods of the adverse possession of several successive holders between whom there is no privity, (see *Scales* v. *Cockrill*, 3 Head, 432; *Smith* v. *Chapin*, 31 Conn. 530; *Davis* v. *McArthur*, 78 N. C. 357,) the rule laid down by the great majority of courts and by the text-writers, and supported by the weight of authority, and which must be regarded as the true rule, is that privity between successive adverse holders is indispensable. And this upon the principle that unless the successive

adverse possessions are connected by privity, the disseizin of the real owner resulting from the adverse possession is interrupted, and during the interruption, though but for a moment, the title of the real owner draws to it the seizin or possession. *Melvin* v. *Proprietors, etc.,* 5 Metc. 15, (38 Am. Dec. 384;) *Haynes* v. *Boardman,* 119 Mass. 414; *McEntire* v. *Brown,* 28 Ind. 347; *Jackson* v. *Leonard,* 9 Cow. 653; Wood, Lim. § 271; *San Francisco* v. *Fulde,* 37 Cal. 349; *Crispen* v. *Hannavan,* 50 Mo. 536; *Shuffleton* v. *Nelson,* 2 Sawy. 540; Ang. Lim. §§ 413, 414; Sedg. & W. Tr. Title Land, §§ 740, 745–747; *Riggs* v. *Fuller,* 54 Ala. 141.

*Second.* The privity spoken of exists between two successive holders when the later takes *under* the earlier, as by descent, (for instance, a widow under her husband, or a child under its parent,) or by will or grant, or by a voluntary transfer of possession. *Leonard* v. *Leonard,* 7 Allen, 277; *Hamilton* v. *Wright,* 30 Iowa, 480; *Jackson* v. *Moore,* 13 John. 513, (7 Am. Dec. 398;) *McEntire* v. *Brown, supra; Weber* v. *Anderson,* 73 Ill. 439; Wood, Lim. § 271; Sedg. & W. Tr. Title Land, §§ 747, 748.

*Third.* While to operate as a bar, adverse possession must be continuous, continuity will not be interrupted by the possession, during any part of its period, of one who occupies the premises as a tenant of the alleged adverse possessor. In such cases the tenant's possession is that of his landlord. *San Francisco* v. *Fulde, supra; Rayner* v. *Lee,* 20 Mich. 384; Sedg. & W. Tr. Title Land, § 747.

*Fourth.* Possession, to be adverse, so as to bar an owner's right of action, must be actual, open, continuous, hostile, exclusive, and accompanied by an intention to claim adversely. Sedg. & W. Tr. Title Land, § 731 *et seq.*

This is all which we deem it necessary to say in this case; for, as there is to be a new trial, we forbear to comment upon the evidence.

Order reversed, and new trial awarded.