# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MINNESOTA.

CHESTER E. LOVERIDGE and Wife *vs.* KNUDT OMODT.

December 16, 1887.

Verdict held to be justified by the evidence.

Appeal by defendant from an order of the district court for Houston county, *Farmer*, J., presiding, refusing a new trial.

*Lloyd Barber*, for appellant.

*C. N. Enos*, for respondents.

MITCHELL, J.   The only question presented by this appeal is whether the verdict is sustained by the evidence.   Upon the trial, the whole case turned upon a pure question of fact, namely, the location of the line between the north-west quarter and the south-west quarter of a section, as to which two surveyors, Goodrich and Noyes, disagreed. Goodrich located it by taking the field-notes of a survey of the section which he had made 28 years before, and from them ascertaining, as he supposed, the location of the west quarter-post, and thence running east to the centre of the section.   Noyes located it by taking these same field-notes of Goodrich's, and ascertaining, as he supposed, the location of the south quarter-post, and running thence to the centre of the section, and running thence west.

v.38M—1

Appellant's contention that Noyes's line must necessarily have been two rods too far north, because in locating the centre of the section he measured to a point 162 rods north of the south quarter-post, is not warranted by the evidence. This distance was called for by Goodrich's own field-notes, as shown by Exhibit B, which he admitted was correct. Any one at all familiar with the inaccuracies of government surveys can readily understand how this might be. Inasmuch as all the government stakes and bearing trees were gone, it is manifest that neither of these surveys was infallible. And, while from the evidence it would seem to us that the location of the line by Goodrich was the more likely to be correct, yet this court cannot say that there was no evidence reasonably tending to support the verdict of the jury, who evidently accepted the Noyes survey.

There is nothing in the point that the verdict is too large, because the jury must have allowed plaintiffs for at least 75 cords of wood. The argument of counsel that defendant could not have taken that amount because there was only 100 cords in the first instance, and that plaintiffs themselves shipped 55 or 60 cords, overlooks the fact that the evidence shows that the wood shipped by plaintiffs included other wood.

Order affirmed.