C. L. TODD v. H. S. WEED.[1]

June 21, 1901.

Nos. 12,630—(147).

**Adverse Possession—Nonpayment of Taxes.**

The failure of a person claiming title to land by adverse possession to pay the taxes thereon during the time of his possession, where the land is taxed separately from other lands, is strong and forcible evidence, though not conclusive, that his possession was not under claim of title, nor with an intent to claim adversely to the true owner.

**Evidence of Conduct.**

Conduct and admissions of a person claiming title to land by adverse possession, occurring subsequent to the expiration of the statutory period of fifteen years, are competent evidence upon and as tending to explain and characterize the antecedent possession.

**Findings Sustained.**

Evidence examined and *held* sufficient to sustain the findings of the trial court.

Action in ejectment in the district court for Freeborn county. The case was tried before Kingsley, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*H. H. Dunn,* for appellant.

*P. C. Cornish* and *Morgan & Meighen,* for respondent.

BROWN, J.[2]

Ejectment for the possession of a forty-acre tract of land. Plaintiff recovered in the court below, and defendant appealed from an order denying a new trial.

The facts are short. Plaintiff has the paper or legal title to the land, having acquired the same by purchase from the Winona Land Company, which company obtained title by purchase from the Winona & St. Peter Railroad Company. The land was certified to the state for the latter company as a part of its land grant.

[1] Reported in 86 N. W. 756.

[2] LOVELY, J., having been of counsel, took no part.

The land company purchased it in 1876, and thereafter, and during each and every year, paid taxes thereon into the proper county treasury. The land is completely surrounded by tracts owned by defendant or members of his family, and he claims title by adverse possession. He entered upon the land in 1873, and since that time has continued in the actual, open, notorious, and exclusive possession under claim of title. There is no question in the evidence but that defendant took possession of the land, cultivated a part of the same, and cut annual crops of hay therefrom. He continued so in possession down until 1895, when plaintiff became the owner, after which a controversy arose between the parties as to the ownership, and that controversy is now involved in this litigation. The trial court found that plaintiff was the owner and entitled to the possession of the land, which finding embodies and includes a finding that defendant did not acquire title thereto by adverse possession. The only question presented to this court is whether this finding is sustained by the evidence, or, as otherwise expressed, whether the evidence is clearly and palpably against it.

To constitute title by adverse possession, there must not only be actual, open, continuous, hostile, and exclusive possession, but such possession must be accompanied and characterized by some claim or assertion of title, and with an intention on the part of the possessor to claim adversely to the true owner and the world. The authorities are quite uniform that the intention to claim title must be made distinctly and clearly to appear, and whether such intention in fact existed in the mind of the occupant during the time of his possession is a question of fact. Lampman v. Van Alstyne, 94 Wis. 417, 69 N. W. 171; Culver v. Rhodes, 87 N. Y. 348; Ayers v. Reidel, 84 Wis. 276, 54 N. W. 588; Sage v. Rudnick, 67 Minn. 362, 69 N. W. 1096; Hart v. Gregg, 10 Watts, 185; Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Washburn v. Cutter, 17 Minn. 335 (361).

The important question in this case, which was disposed of by the finding, is whether defendant's continued possession and occupancy of the land was under a claim of right and title, and with an intention to hold adversely to the true owner. If so, there can be no question but that he acquired title to the land

long prior to the date of plaintiff's title. The possession held by him, if coupled with the claim and intention to claim title, was fully sufficient, within the law applicable to the subject. It is contended by plaintiff that no such intention existed in the mind of defendant at the time he originally took possession of the land, nor at any time during the continuance of such possession, and that his conduct subsequent to the expiration of the statutory period of fifteen years clearly shows an absence of any such intent. The acts and conduct on his part relied upon by plaintiff in this connection consist in his failure to pay any of the taxes annually assessed against the land; his acquiescence in and failure to assert title upon being informed of plaintiff's purchase; the fact that he leased the land of plaintiff, and accepted damages awarded by the town board of supervisors for laying out a cartway over his own land to provide plaintiff ingress to the land in controversy without trespassing. These acts on the part of defendant are, of course, not sufficient to devest a title previously acquired by him. If he acquired title by adverse possession, such title accrued long prior to the transactions had with plaintiff in 1895, and could only be devested in the manner or by the means other titles are transferred or devested by operation of law. But it was held in the case of Sage v. Rudnick, supra, that evidence of this character— conduct, admissions and declarations after the expiration of the period of fifteen years—was proper to be received and considered in connection with the question whether the antecedent possession was under claim of title, and with an intention to hold adversely to the true owner. Whether defendant in this case entered into possession of the land intending to claim title thereto adverse to the true owner is to be determined from the nature of the possession, the use made of the land, and all acts and conduct tending to characterize his purpose. His acts and conduct, occurring and happening subsequent to the completion of the statutory period of fifteen years, were proper evidence, as bearing upon and as tending to characterize the prior possession and its purpose and intent. Of course, as stated in the Sage case, if the evidence on the subject of the adverse possession be conclusive, title acquired thereby could not be devested by subsequent verbal declarations

and admissions. But, where not conclusive, the subsequent conduct of the person claiming title, tending to characterize the possession and occupancy which is claimed ripened into title, is proper and competent. Baldwin v. Temple, 101 Cal. 396, 35 Pac. 1008; Meier v. Meier, 105 Mo. 411, 16 S. W. 223; Frederick v. Burghardt, 8 Pick. 327.

The weight and effect to be given the evidence in this case was for the trial court, and that court found, as it must be deemed to have found, that defendant's possession of the land was not under claim of ownership, or with an intent to hold against the true owner. That the evidence sustains this finding we have no doubt. At least, it is far from being clearly and palpably against it. In addition to the conduct of defendant after learning of plaintiff's purchase of the land, a very strong and cogent item of evidence, tending to show that he had no intention of claiming title during the time of his possession, is found in the fact that during all of the twenty years and over of his occupancy thereof he paid none of the taxes annually assessed and levied against it. The land, being a government subdivision, was presumably taxed separately from other lands, but defendant never paid the same. On the contrary, they were annually paid by plaintiff or his predecessor in title. The failure to pay taxes is, of course, not conclusive against the person claiming title by adverse possession. But such failure, where the land is assessed separately, is strong and forcible evidence that the possessor did not intend to claim title adversely to the owner. The payment of taxes was made a prominent item of evidence on this subject in the case of Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060, and in Wheeler v. Gorman, 80 Minn. 462. It was held in both those cases that evidence of the payment of taxes by one claiming title by adverse possession was competent as tending to show a claim of ownership and an intention to hold adversely to the true owner. If the payment of taxes tends to show an intention to claim title,—and clearly it does,— the failure to pay them would a fortiori tend to show the converse of the proposition. Our conclusion, based upon the whole record, is that the findings of the trial court cannot be disturbed.

Order affirmed.