GEORGE N. BAXTER v. GEORGE W. NEWELL and Another.[1]

December 19, 1902.

Nos. 13,194—(155).

**Ejectment—Evidence.**

*Held,* in an action of ejectment to recover possession of four village lots, that as to one plaintiff's proofs were sufficient to sustain a finding that he was the owner thereof and entitled to possession, but as to the remainder were wholly insufficient.

Action of ejectment in the district court for Faribault county to recover possession of lot No. 9 in block No. 2, lots Nos. 4 and 5 in block No. 10, and lot No. 18 in block No. 17, in the village of Wells in said county. Defendant George W. Newell answered, disclaiming any interest in the premises. The case was tried before Quinn, J., who found in favor of plaintiff. From an order denying a motion for a new trial, defendant Alfred C. Newell appealed. Affirmed as to lot No. 9 in block No. 2; reversed and new trial granted as to remaining lots.

*C. N. Andrews,* for appellant.

*Frank E. Putnam* and *George N. Baxter,* for respondent.

[1] Reported in 92 N. W. 525.

COLLINS, J.

Action of ejectment to recover possession of four village lots. The answer put in issue the plaintiff's right to possession, alleged ownership of the property in one of the defendants, the appellant, and also that he had been in actual, hostile, and adverse possession of each of the lots, claiming title, for more than fifteen years prior to the bringing of the action.

It is hardly necessary to say that with these issues it was incumbent upon the plaintiff to establish his title to the property in controversy before he could recover. As to one of these lots—No. 9 in block No. 2—the evidence was abundantly ample to sustain the conclusion of the trial court that plaintiff held the legal title. His title to this lot was properly and sufficiently traced, through the United States patent, a plat of the village, and sundry mesne conveyances, to himself. But not so with the other lots. There was no testimony whatever tending to show that title to either had ever passed from the government patentee. The conclusion of the trial court that plaintiff was the owner of the three lots last mentioned was wholly unsupported by the proofs, and as to these a new trial must be had.

Relying upon uncontradicted testimony, appellant's counsel discusses the legal effect of the deeds from defendant George W. Newell to Mr. Robinson and Mrs. Dyke. As his client has shown no right or title whatever to the premises, except such as may be based upon the claim of adverse possession for the statutory period, this is entirely immaterial to him. He is not in position to question the nature of the transactions between George W. Newell and the grantees named in the deeds executed in 1881. Under the rules laid down in Todd v. Weed, 84 Minn. 4, 86 N. W. 756, and Collins v. Colleran, 86 Minn. 199, 90 N. W. 364, it is obvious that the court below was justified in finding, at least as to lot No. 9 in block No. 2, that this appellant had not acquired title by adverse possession. The evidence as to his possession and that of those who preceded him was entirely too meager to justify the court in finding in his favor.

The order appealed from is affirmed as to lot No. 9 in block No. 2, but as to the other lots it is reversed, and a new trial granted.