FRED KISTNER v. DANIEL BESEKE.[1]

November 3, 1905.

Nos. 14,503—(63).

**Establishing Boundary.**

In an action under chapter 68, p. 185, Laws 1893, to determine and establish the boundary line between adjoining tracts of land, the evidence is examined, and *held* sufficient to sustain the verdict of the jury and the findings of the trial court.

Appeal by defendant from an order of the district court for Sibley county, Morrison, J., denying a motion for a new trial. Affirmed.

*W. H. Leeman,* for appellant.

*P. A. Cosgrove,* for respondent.

BROWN, J.

This action was brought under the provisions of chapter 68, p. 185, Laws 1893, to determine and establish the boundary line between the adjoining lands of the respective parties. Plaintiff had judgment in the court below, and defendant appealed from an order denying his motion for a new trial.

The complaint alleged the ownership of the lands by the respective parties between which the boundary line is in dispute, and the fact that the line was in controversy and unestablished, and prayed for judgment definitely locating the same.

The defense was: (1) That the line now in dispute was, more than thirty years prior to the commencement of this action, fixed and estab-

1 Reported in 104 N. W. 759.

lished by an agreement between the then owners of the adjoining lands, and that the line so agreed upon has at all times since been acquiesced in and treated as the true boundary line; (2) that for more than fifteen years prior to the commencement of the action defendant has been in the actual, exclusive, open, continuous, and notorious possession of all the land bordering on the north of the line so established, and has acquired title thereto by adverse possession, even though the line agreed to by the parties was not the correct government line.

Some time prior to the commencement of the action a dispute arose between the parties respecting the true line, whereupon a survey was made at their instance by the county surveyor, who found the line established by the government survey to be at variance with the line now contended for by defendant. The trial court submitted to the jury the questions: (1) Whether the line run by the county surveyor was the correct line according to the government survey; and (2) whether defendant had acquired title to the strip of land in question by adverse possession. The jury answered the first question in the affirmative, and the second in the negative. The court subsequently made findings of fact embodying therein the findings of the jury, and finding further, in effect, that the line was not established by the predecessors in title of the parties to this action, as contended for by defendant, and that the line was in dispute and unestablished.

It is contended by defendant upon this appeal that the evidence is conclusive that some thirty years or more ago the dividing line between these two tracts of land was agreed upon by the then owners, parents of the parties to this action; that a fence was constructed thereon and has continuously since, up to the time, at least, the controversy in this action arose, been acquiesced in and treated as the true boundary line. It is also contended that the evidence is conclusive that defendant has, for more than fifteen years, had the actual, open, and exclusive possession of the land in his subdivision up to the line contended by him to have been established years ago, and that he has acquired title thereto by adverse possession. If counsel's contention in either respect were true, it would necessarily result in a new trial; but a careful examination of the record leads to the conclusion that there is evidence reasonably tending to support the findings of the jury and the trial court, and the order

appealed from must therefore be affirmed. Loveridge v. Omodt, 38 Minn. 1, 35 N. W. 564.

The evidence, it is true, tends very strongly to corroborate the contention of defendant as to the prior location of this line; but it is not conclusive. There is evidence in the record which tends to show, and it was for the jury and the court below to accept or reject, that at the time the present controversy arose defendant made no claim of a prior location of the line, and himself suggested the propriety of employing the county surveyor to ascertain the true line, and he made no claim to the county surveyor of a prior location. While he testified that he repeatedly made such claim, it is clear that the evidence just referred to made the question one of fact.

Upon the subject of defendant's adverse possession, the evidence is not conclusive in his favor. To constitute title by adverse possession, one must not only be in actual, open, notorious, and exclusive possession for the necessary length of time, fifteen years, but such possession must be accompanied by some claim or assertion of title, and with an intention on the part of the possessor to claim adversely to the true owner. Defendant may have been in possession of the land in question for fifteen years, but whether he held possession with intent to claim title adverse to the true owner was a question of fact to be determined by the trial court. His acts and conduct with reference to the land and his possession thereof occurring subsequent to the completion of the statutory period of fifteen years were proper evidence as bearing upon and as tending to characterize his prior possession and the purpose of it. Todd v. Weed, 84 Minn. 4, 86 N. W. 756; Crutchlow v. Beatty (Ky.) 23 S. W. 960; Van Blarcom v. Kip, 26 N. J. L. 351. Defendant's acts and conduct with reference to the boundary line in question, as disclosed by the record, tend to contradict his present contention that he was occupying the land in question with intent to claim title against the true owner, and the weight and effect to be given thereto were for the trial court.

Upon the whole record, therefore, we are satisfied that the evidence is not conclusive in defendant's favor on the propositions contended for by him, and that the order denying the motion for a new trial should be affirmed.

Order affirmed.