## BRIDGET C. SULLIVAN v. GEORGE F. HUBER.[1]

March 21, 1941.

No. 32,697.

*H. A. Irwin,* for appellant.
*W. F. Odell,* for respondent.

GALLAGHER, CHIEF JUSTICE.

This is an action under 2 Mason Minn. St. 1927, § 9590, to deter-mine the boundary line between certain parcels of land in Scott county belonging to plaintiff and defendant. The trial court made findings favorable to plaintiff. Defendant appeals from an order denying his motion for amended findings or for a new trial.

Defendant's 20-acre tract joins plaintiff's land on the south. It is the boundary line between these tracts which is in dispute. The land has belonged to defendant, the present owner, and to mem-bers of his family for about 50 years. It does not appear that a

[1]Reported in 297 N. W. 33.

line fence was ever constructed until August, 1938, when defendant built the one which prompted this litigation. Prior to that time, the only indication of a division between the two farms was a "dead furrow" which defendant claims represented the boundary line and which for convenience will be referred to as the old line. The first indication of a dispute over the boundary was in 1933, when a controversy arose between defendant and plaintiff's tenant, Huss. It does not appear that plaintiff knew anything about this dispute or took any part in the controversy. It is conceded that defendant plowed and cropped the land up to the dead furrow or old line until 1937, when another dispute over the boundary arose between defendant and plaintiff's tenant, Schroeder. In July, 1937, following this dispute, plaintiff employed Donald Childs, a civil engineer, to make a survey and establish the true boundary line. Upon this survey the engineer found the line to be some distance south of the old line and established it by driving a stake about 14 feet south of the old line at the east end and 7 feet south of the old line at the west end. For convenience, this line will be referred to as the new boundary line. Defendant permitted plain-tiff's tenant to plow the disputed tract of ground in the fall of 1937 and to crop it in 1938.

Following the survey by Engineer Childs in 1937, defendant employed him to make a survey and establish the boundary line between his land and the lands of one Whipps, which joins his on the south. This survey showed the true line to be several feet south of the line which was then being used as the division between the land of defendant and of Whipps. Litigation pertaining to this boundary followed and resulted unfavorably to defendant. He employed Engineer Childs again in August, 1938, to make a re-survey of the boundary between his and plaintiff's land, according to landmarks furnished by defendant. This survey resulted in the establishment of a line along the course of the dead furrow or old line. Defendant thereupon erected a fence along this line and claimed the land up to the fence. It was after its erection that plaintiff brought this action to determine the true boundary line.

■ Defendant contends that because he and his predecessors in title used and occupied the disputed tract of ground for about 50 years he acquired title thereto by adverse possession and that the old line indicated by the dead furrow established by user the boundary line between the land of the parties. He relies strongly on Seymour, Sabin & Co. v. Carli, 31 Minn. 81, 16 N. W. 495, in support of that position. What defendant overlooks is that to constitute title by adverse possession there must not only be actual, open, continuous, hostile, and exclusive possession for 15 years, but such possession must be accompanied and characterized by some claim or assertion of title and an intention on the part of the possessor to claim adversely to the true owner and the world. Todd v. Weed, 84 Minn. 4, 86 N. W. 756; Kistner v. Beseke, 96 Minn. 137, 104 N. W. 759. The intention to claim title must be made to appear distinctly and clearly, and whether such intention in fact existed in the mind of the occupant during the time of his possession is a fact question. Sherin v. Brackett, 36 Minn. 152, 30 N. W. 551; Todd v. Weed, *supra;* Kistner v. Beseke, 96 Minn. 137, 104 N. W. 759. We believe, as did the trial court, that the case is governed by the decision of this court in Kistner v. Beseke, *supra.* There the defendant contended that the evidence was conclusive that some 30 years or more before the commencement of the action the dividing line between the two tracts of land was agreed upon by the then owners, parents of the parties to the action; that a fence was constructed thereon which had continuously up to the time the controversy arose been acquiesced in and treated as the true boundary line; and that the evidence was conclusive that defendant had acquired title to the disputed land by adverse possession. The court said (96 Minn. 139, 104 N. W. 760):

"The evidence, it is true, tends very strongly to corroborate the contention of defendant as to the prior location of this line; but it is not conclusive. There is evidence in the record which tends to show, and it was for the jury and the court below to accept or reject, that at the time the present controversy arose defendant made no claim of a prior location of the line, and himself sug-

gested the propriety of employing the county surveyor to ascertain the true line, and he made no claim to the county surveyor of a prior location. While he testified that he repeatedly made such claim, it is clear that the evidence just referred to made the question one of fact."

There is this difference between Kistner v. Beseke, 96 Minn. 137, 104 N. W. 759, and the present case. There the defendant acquiesced in a survey to determine the true boundary line by suggesting the propriety of employing the county surveyor to ascertain it, and he made no claim to the county surveyor of a prior location. In the present case, while it does not appear that the defendant took part in the survey of July, 1937, he acquiesced in it by permitting plaintiff's tenant to plow and crop the land the succeeding year and promptly endeavored to recoup a similar amount of land to the south of his farm. It was not until after he failed in that that defendant asserted his claim of adverse possession against plaintiff. Furthermore, there is no evidence that defendant improved the land by erecting a fence or otherwise until after his attempt to acquire the strip from the Whipps farm had failed. In this respect the facts in the case differ from those shown in Seymour, Sabin & Co. v. Carli, 31 Minn. 81, 16 N. W. 495.

While possession by the defendant over a period of time sufficiently long to acquire adverse title is disclosed by the record, it seems to us that there was presented to the trial court a question of fact as to defendant's intention to acquire title in that manner. Upon that issue, the trial court found against defendant, and the evidence is sufficient to sustain that finding.

The order appealed from is affirmed.