WINIFRED DONALDSON v. EMELIA M. KOHNER
AND OTHERS.

118 N. W. (2d) 446.

December 7, 1962—No. 38,306.

*Mogren & Lindholm*, for appellant.
*Hadley & Fleming*, for respondents.

KNUTSON, CHIEF JUSTICE.

This is an appeal from a judgment entered pursuant to an order of the district court based on findings of fact and conclusions of law in favor of defendants.

Plaintiff is the owner of Lot 3, Block 2, Benson's Rearrangement of Block 12 of the town of Bald Eagle. Defendants Tako are the owners of adjacent Lot 4 of the same block, the south 50 feet of which was owned by defendant Emelia M. Kohner, who is the mother of defendant Katherine Jean Tako.

Defendants Tako decided to tear down an old house located upon their property and in the spring of 1956 began construction of a new one. They discussed with plaintiff the desirability of surveying the line separating the two properties, both parties being in doubt as to the exact boundary. Defendants were aware of a provision of the Ramsey County Planning Board's Rules and Ordinances, § 9, par. 2, which reads:

"For every building hereafter erected or structurally altered there shall be provided a front yard of not less than thirty feet and a side yard on each side of the building of not less than five feet in width."

Mrs. Tako testified that originally plaintiff suggested to defendants that they should have the line surveyed jointly but later decided that she did not wish to go to the expense of so doing. Thereupon defendants Tako engaged William H. Brettschneider, a registered land surveyor, to survey the line. After the line was established by Brettschneider, defendants commenced construction of their new house in

reliance thereon. The building inspector examined the survey, measured the distance from the line established to the house which was to be built, and gave his approval of the location thereof. After the building was partly constructed, plaintiff engaged Franklyn J. Armstrong, another registered surveyor, to survey the line. The result of the Armstrong survey was to establish a line which, at the front of the lot, was approximately 3 to 5 feet nearer the building defendants had commenced to erect. There was some variance in the testimony as to the exact distance between the line and the building, and the court could find that the lines established by the two surveyors coincided at the rear end of the lot but that, according to the Armstrong survey, the building was 3.09 feet from the line at the southeasterly corner and 2.59 feet from the line at the northeasterly corner. If so located, it would be in conflict with the ordinance quoted above.

After Armstrong had completed the survey, plaintiff placed a wire along the line which he had established. Defendants promptly removed the wire. Plaintiff commenced this action, alleging trespass based upon the act of defendants in removing this wire, and sought damages for such trespass. In addition thereto, plaintiff alleged a violation of the building code in that defendants had constructed their home less than 5 feet from plaintiff's property line and asked that defendants be required to move their house.

At the trial, both Brettschneider and Armstrong testified and were subjected to extensive cross-examination. The crucial findings of the court are that the Brettschneider survey established the correct line and that plaintiff was not entitled to recover damages.

Plaintiff's motion for amended findings and conclusions of law was denied and judgment was entered. This appeal is from such judgment. No motion for a new trial was made.

1. Upon appeal from a judgment, where no motion for a new trial is made, this court's review is limited to a determination of whether the evidence sustains the findings and the findings support the conclusions of law.[1]

---

[1]Holt v. Swenson, 252 Minn. 510, 90 N. W. (2d) 724; Heise v. J. R. Clark Co. 245 Minn. 179, 71 N. W. (2d) 818.

2. It would serve no useful purpose to explain in detail the method of survey used by the two surveyors. The difference in the line which they established obviously occurred as a result of the manner in which they proceeded to do their work. The court's determination of the crucial fact as to which survey was the correct one rests almost exclusively upon the credibility attached to the testimony of these two witnesses.

The applicable rules of law are stated in Erickson v. Turnquist, 247 Minn. 529, 531, 77 N. W. (2d) 740, 742, where we said:

"Plaintiffs contend that the findings of the trial court are not supported by the evidence. It is elementary that on review the facts are to be considered in the light most favorable to the findings and that our function is to look to the evidence as a whole to determine whether it is sufficient to sustain the findings of the district court. In boundary-line disputes, as in other types of cases, we have repeatedly held that the findings of the trial court will not be disturbed unless they are manifestly or palpably contrary to the evidence adduced.

"* * * The question before us is not whether Hall's survey was precisely accurate but rather whether there is evidence that reasonably supports the findings of the trial court. It is a matter of common knowledge that surveys made by different surveyors seldom, if ever, completely agree and, that more than likely, the greater the number of surveys the greater the number of differences."[2]

In the early case of Loveridge v. Omodt, 38 Minn. 1, 35 N. W. 564, the same situation prevailed as we have here. In the opinion in that case, written by Mr. Justice Mitchell, this court said:

"The only question presented by this appeal is whether the verdict is sustained by the evidence. Upon the trial, the whole case turned upon a pure question of fact, namely, the location of the line between the north-west quarter and the south-west quarter of a section, as to which two surveyors, Goodrich and Noyes, disagreed. * * *

"* * * And, while from the evidence it would seem to us that the

---

[2]See, also, Bjerketvedt v. Jacobson, 232 Minn. 152, 44 N. W. (2d) 775; Engquist v. Wirtjes, 243 Minn. 502, 68 N. W. (2d) 412.

location of the line by Goodrich was the more likely to be correct, yet this court cannot say that there was no evidence reasonably tending to support the verdict of the jury, who evidently accepted the Noyes survey."

The same is true here. Apparently Armstrong based his survey upon certain stakes which he claimed he found at the corner of the lots, while Brettschneider started from an established monument at the quarter-section line and proceeded from there to resurvey the block. Reading the testimony of the two surveyors, it is obvious that either could have been accepted by the trial court.

Under these circumstances, we cannot say that the findings of the trial court are not supported by the evidence.

Affirmed.