**PARK HILL APARTMENTS,**
**Respondent,**

v.

**David Paul ANDERSON, Appellant.**

No. C7–87–665.

Court of Appeals of Minnesota.

Aug. 11, 1987.

Park Hill Apartments, pro se.

David Paul Anderson, pro se.

Considered and decided by CRIPPEN, P.J., and LESLIE and LOMMEN, JJ.,* with oral argument waived.

## OPINION

LOMMEN, Judge.

This is an appeal from a judgment entered against appellant for monies due under a lease. We affirm.

## FACTS

In May of 1980, appellant David Anderson leased an apartment in respondent Park Hill apartment complex. The lease was for a one year term and ran from June 1, 1980 to June 1, 1981.

Anderson testified as follows: in September 1980 he informed the manager of the apartment complex, Marilyn Lindgren, that he was interested in getting out of his lease so he could buy a condominium. Lindgren told Anderson that he could be relieved of his obligations under the lease only if a replacement tenant was found. Lindgren later informed Anderson that she had found a tenant who would move in on January 1, 1981. Anderson moved out of the apartment complex on December 31, 1980. Prior to his leaving on that day, Lindgren inspected the apartment and, finding no damage, returned to Anderson his $200 damage deposit. Anderson heard nothing from respondent until June, 1986,

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

when he received a summons and notice of trial of this matter in conciliation court. The notice informed Anderson that respondent was seeking rent owing from January to April of 1981 in the total amount of $1,060.00. Anderson immediately called one of the owners of Park Hill Apartments, Richard Gorra, and explained to him the arrangement he made with Lindgren in 1980. Gorra examined his records and admitted they showed Anderson's damage deposit had been returned to him.

At trial, Richard Gorra denied telling Anderson he had a record of returning Anderson's damage deposit to him. Marilyn Lindgren denied having made any arrangements to relieve Anderson of his lease. She also denied having returned his damage deposit to him. Gorra, Lindgren, and Lindgren's son all testified that Lindgren was not the manager of Park Hill Apartments in December, 1980, having left respondent's employ in July, 1980.

The trial court, having heard all the evidence, found for respondent Park Hill. The court ordered judgment of $795.00 to be paid by Anderson to respondent, and Anderson appeals.

## ISSUE

Was the evidence sufficient to support the trial court's decision?

## ANALYSIS

This appeal is taken directly from the judgment of the court after a trial to the court sitting without a jury. Appellant did not move for a new trial, or for amended findings. Neither did appellant raise any objections during the course of the trial.

It has been clearly established that failure to object properly at trial prevents a party from raising an objection for the first time either on a motion for a new trial or on appeal. *Poppler v. O'Connor*, 306 Minn. 539, 541, 235 N.W.2d 617, 619 n. 1 (1975). Further, an alleged error that is argued on appeal but is not made the basis of a motion for a new trial or otherwise presented to the trial court cannot be considered on appeal. *Peters v. Bodin*, 242 Minn. 489, 492, 65 N.W.2d 917, 919 (1954).

On appeal after a trial to the court where there has been no motion for a new trial, such as here, the reviewing court is limited to consideration of whether the evidence sustains the findings of fact and whether the findings sustain the conclusions of law and the judgment. *Gruenhagen v. Larson*, 310 Minn. 454, 458, 246 N.W.2d 565, 569 (1976).

There is ample evidence in this record to support the court's determination that there was an unauthorized termination of the lease, and this court is obliged to accept that decision since it was based primarily on the relative credibility of the parties and witnesses whose testimonial demeanor the trial judge was able to observe and evaluate. *Donaldson v. Kohner*, 264 Minn. 230, 233, 118 N.W.2d 446, 448 (1962). *See also In re Estate of Balafas*, 293 Minn. 94, 198 N.W.2d 260 (1972) (reviewing court must give due regard to trial court's opportunity to judge witnesses credibility).

This analysis determines this appeal, as consideration of other issues raised by appellant (including appellant's objections to allowing Mr. Gorra to testify, and appellant's claim that he was prejudiced by respondent's failure to answer interrogatories) is precluded. As noted previously, appellant raised no specific objections as to these matters at trial (although it is evident from a reading of the transcript that appellant generally objected to Mr. Gorra's failure to answer the interrogatories), and failed to move for a new trial or for amended findings. Consequently, he is precluded from raising them on review.

## DECISION

The evidence supports the trial court's judgment against appellant for abandonment of his lease.

Affirmed.